# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 36514

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Boise, September 2010 Term |
| Plaintiff-Respondent, | ) | |
| | ) | 2010 Opinion No. 117 |
| v. | ) | |
| | ) | Filed: November 24, 2010 |
| MARIO A. RUIZ, JR., | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. The Hon. Michael E. Wetherell, District Judge.

The judgment of the district court is <u>vacated</u>.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Jennifer Birken argued.

_____

EISMANN, Chief Justice.

This appeal challenges the district court's ruling that the defendant could not cross-examine a codefendant about the mandatory prison sentence he avoided by agreeing to testify for the State. We hold that the district court erred by not conducting the analysis required by Rule 403 of the Idaho Rules of Evidence, and we vacate the judgment of conviction.

## I. FACTS AND PROCEDURAL HISTORY

In November 2004, a twenty-year-old woman was arrested for possession of marijuana with the intent to distribute, a felony with a maximum penalty of incarceration for five years and a fine of $15,000. She agreed to work for law enforcement as a confidential informant in the hope of receiving leniency. Eventually, her charge was dismissed, but she continued working as an informant for which she received about $350.

In August 2005, she telephoned Josh Morrison and asked to purchase some methamphetamine. He stated that he had two ounces to sell for $2,150. She then called the detective she was working with, and he told her to set up the purchase, which she did. She had previously purchased illegal controlled substances from Morrison as a confidential informant.

On August 11, 2005, she met with law enforcement in a store parking lot to prepare for the transaction. She and her car were searched, a transmitter was hidden on her body, and she was given $2,150 in recorded bills. She then drove to the parking lot of another store to meet Morrison. Law enforcement personnel followed in their vehicles to observe the transaction.

The informant met Morrison in the parking lot of the second store, and he got into her car. At some point, she gave Morrison the money. She then drove to the parking lot of a third store and got out of her car, leaving Morrison in it. She walked a short ways away and stood by the curb. Shortly thereafter a dark-complexioned male came out of a nearby ice cream shop, walked past her, and got into her car. She could see him talking with Morrison, and she saw him exchange methamphetamine for the money. The man then got out and walked away. When she got back in her car, Morrison weighed the methamphetamine to make sure it was the correct amount and then, at the informant's request, put it into the glove compartment of her car. She drove Morrison back to the parking lot where she picked him up, and then she drove to the parking lot of the first store, where she met again with law enforcement and gave them the methamphetamine.

Although law enforcement observed the dark-complexioned man who had entered the informant's car to sell the methamphetamine, they were unable to identify him. About twelve days after the transaction, they arrested Morrison. He stated that the dark-complexioned man was Mario Ruiz, the defendant in this case.

Morrison and Ruiz were both charged with trafficking in twenty-eight or more grams of methamphetamine, a felony having a penalty of imprisonment for at least three years and up to life and a fine of at least $10,000 and up to $100,000. Morrison agreed to testify against Ruiz in exchange for a reduction in the charge against him to delivery of a controlled substance, a felony with a maximum penalty of life imprisonment and a $25,000 fine, but no minimum sentence. The State agreed to recommend jail and probation if Morrison testified truthfully.

During Ruiz's trial, the State called Morrison as a witness. While being cross-examined regarding his plea agreement, Morrison testified inaccurately that probation was not discussed.

Ruiz's counsel asked for a recess to address the inaccurate testimony. During that recess, Morrison stated that he had misunderstood the question. The prosecuting attorney then stated that there should not be any mention of the minimum penalty that Morrison avoided by testifying against Ruiz. The district court agreed. Ruiz was found guilty by the jury, and after the judgment of conviction was entered he timely appealed.

The appeal was first heard by the Idaho Court of Appeals. Ruiz contended that by preventing cross examination about the mandatory minimum sentence Morrison avoided, the district court violated Ruiz's right to confront the witnesses against him under the Sixth Amendment to the Constitution of the United States and violated Rule 403 of the Idaho Rules of Evidence. The Court of Appeals held that Ruiz's rights under the Confrontation Clause were not violated, but it did not address the alleged violation of Rule 403. Ruiz then petitioned for review by this Court, and we granted his request. When we grant a petition for review, we directly review the decision of the lower court. *DeRushé v. State*, 146 Idaho 599, 601, 200 P.3d 1148, 1150 (2009).

## II. ISSUES ON APPEAL

A. Did the district court violate Rule 403 of the Idaho Rules of Evidence?

B. Did the district court infringe upon Ruiz's rights under the Confrontation Clause of the Sixth Amendment to the Constitution of the United States?

## III. ANALYSIS

### A. Did the District Court Violate Rule 403 of the Idaho Rules of Evidence?

"[T]he Rules of Evidence generally govern the admission of *all evidence* in the courts of this State." *State v. Meister*, 148 Idaho 236, 240, 220 P.3d 1055, 1059 (2009) (emphasis in original). "All relevant evidence is admissible except as otherwise provided by these rules or by other rules applicable in the courts of this state." Idaho R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Idaho R. Evid. 401.

Morrison was nineteen years old and was described by one of the officers who testified as "[s]mall in stature, thin, blond hair, approximately five-five, five-six." Evidence that he would

avoid a mandatory three-year prison sentence by testifying against Ruiz was relevant to his credibility. The district court acknowledged that the evidence was relevant when it stated, "I think that once you talk about a reduction in sentence, the defense has the right to explore the extent of that reduction because I believe it goes to the credibility of the witness."

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Idaho R. Evid. 403. To exclude evidence under Rule 403, the trial court must address whether the probative value is substantially outweighed by one of the considerations listed in the Rule. *Meister*, 148 Idaho at 241, 220 P.3d at 1060. The district court here did not conduct that analysis. It merely said, "You can't talk about minimum mandatories." After Ruiz's counsel objected, the court added, "I think that the court has a delicate line to walk between what you are allowed to do in terms of credibility and the fact that the jury is not to be advised of the penalties that the defendant might face, if convicted." Because it excluded the evidence without conducting the analysis required by Rule 403, the district court erred. *Id*.

The State has not argued that the error was harmless. Therefore, we vacate the judgment of conviction.

**B. Did the District Court Infringe Upon Ruiz's Rights Under the Confrontation Clause of the Sixth Amendment to the Constitution of the United States?**

Because we have vacated the judgment for the failure to comply with Rule 403, we need not address Ruiz's argument that his rights under the Confrontation Clause were violated.

## IV. CONCLUSION

We vacate the judgment of conviction and remand this case for further proceedings that are consistent with this opinion.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.

4