IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36748

STATE OF IDAHO, )
)     2011 Opinion No. 47
    Plaintiff-Respondent, )
)     Filed: August 8, 2011
v. )
)     Stephen W. Kenyon, Clerk
CHARLES GLENN FORDYCE, )
)
    Defendant-Appellant. )
                             )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Judgment of conviction for felony domestic violence, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant.  Deborah A. Whipple argued.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.  Russell J. Spencer argued.
_____

LANSING, Judge

    Charles Glenn Fordyce was found guilty of felony domestic violence and of an enhancement for being a persistent violator of the law.  He contends that the district court erred at trial by admitting evidence that the victim was pregnant at the time of the attack and by admitting expert testimony concerning the behavior of domestic violence victims.

## I.

## BACKGROUND

    Fordyce was charged with felony domestic violence, I.C. §§ 18-918(2)(a), 18-903,  for beating his live-in girlfriend, inflicting traumatic injuries.  He pleaded not guilty and the case proceeded to trial.  Photographs of the victim's face that were placed in evidence showed significant swelling, abrasions, and cuts.  The victim told police and medical personnel at the hospital that Fordyce had beaten her because he was angry at the possibility that she might be pregnant and that he had kicked her in the abdomen.  Medical personnel performed a test that

1

showed the presence of a hormone indicating pregnancy. Over Fordyce's objection, evidence of this test result was admitted at trial.

In her trial testimony, the victim recanted and contradicted the statements she had made to police and medical personnel that blamed Fordyce for her injuries. She testified that Fordyce had not beaten her but instead that she had incurred her injuries falling into a dry irrigation ditch and that previous injuries suffered to her face swelled when she drank heavily. The victim said that blood found on the bed sheets in her residence was not hers but instead was Fordyce's blood deposited there after she bit him. Generally, the victim testified that she was the aggressor in a physical altercation between the two and that she could not recall making statements to the police and medical providers implicating Fordyce, or claimed that the statements were inadvertently made in a drunken state of confusion.

The victim's recantation was known to the prosecutor before trial, for she had similarly recanted at Fordyce's preliminary hearing. At trial, the State called an expert witness to explain why and in what circumstances a domestic violence victim will sometimes recant and minimize a defendant's criminal conduct. During this testimony, defense counsel made two relevance objections, which the district court overruled.

The jury returned a verdict of guilty. On appeal, Fordyce posits error in the referenced evidentiary rulings.

## II.

## ANALYSIS

### A.    Idaho Rule of Evidence 403

Events preceding the charged offense underlie the evidentiary issue regarding the victim's possible pregnancy. The victim said that she had been raped by another man about a month before the incident in question. She apparently believed that she may have become pregnant as a result of the rape. When the victim reported the present offense, she told a detective that Fordyce had punched and kicked her "forever and forever" after she told him that she might be pregnant. The detective saw that the victim was naked and covered in blood, with multiple injuries to her face and body. She was transported to the hospital for treatment and repeated to EMT and hospital personnel that Fordyce had beaten her because he believed she was pregnant by another man. Among the blows struck, the victim said that Fordyce had kicked her in the abdomen, and she complained of pain in that area. A pregnancy test administered at

the hospital returned a positive result. In testimony at trial, a physician said that because a sonogram did not show a fetus, this was an "early, early" pregnancy that could have been "ectopic."[1]

On the first day of trial, defense counsel moved to preclude the presentation of "any testimony in regards to the victim potentially being pregnant" on the ground that this evidence would be "highly prejudicial." The State responded that "this evidence is very probative and not unfairly prejudicial because it is what the State believes is the motive for why this fight started." The district court denied the motion. Fordyce contends the court's analysis was incomplete because the court only noted that the evidence was probative of Fordyce's motive for the physical attack, but did not mention any prejudicial effect, much less conduct the weighing of probative value against unfair prejudice that is called for by Idaho Rule of Evidence 403. Fordyce posits that because the jurors could see that the victim was not pregnant at the time of trial, they would assume that Fordyce's actions caused a miscarriage, and the district court should have considered this prejudicial impact of the evidence. Although Fordyce sought to exclude *all* evidence of the victim's pregnancy in the trial court, on appeal, he challenges only the physician's testimony about the positive pregnancy test.

Rule 403 provides that relevant evidence may nevertheless be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Recently, in *State v. Ruiz*, 150 Idaho 469, 248 P.3d 720 (2010), our Supreme Court held that a trial court erred by failing to weigh the probative value against the risk of unfair prejudice before excluding evidence of a motivation for a prosecution witness to testify against the defendant. The Supreme Court said:

> To exclude evidence under Rule 403, the trial court must address whether the probative value is substantially outweighed by one of the considerations listed in the Rule. The district court here did not conduct that analysis. It merely said, "You can't talk about minimum mandatories." After Ruiz's counsel objected, the court added, "I think that the court has a delicate line to walk between what you are allowed to do in terms of credibility and the fact that the jury is not to be

---

[1]  This medical term was not explained to the jury, but it refers to an abnormal pregnancy outside the womb where a fetus cannot survive. *Medline Plus*, U.S. NATIONAL LIBRARY OF MEDICINE, http://www.nlm.nih.gov/medlineplus/ency/article/000895.htm (last visited Aug. 3, 2011).

advised of the penalties that the defendant might face, if convicted." Because it excluded the evidence without conducting the analysis required by Rule 403, the district court erred.

> The State has not argued that the error was harmless. Therefore, we vacate the judgment of conviction.

*Id.* at 471, 248 P.3d at 722 (citations omitted). Fordyce asserts that *Ruiz* establishes that it is error per se for "a trial court to fail to conduct a Rule 403 balancing analysis on the record."

We conclude that even accepting Fordyce's interpretation of *Ruiz*, he has not shown reversible error because he has not identified any *unfair* prejudice to weigh. First, if Fordyce's attack actually caused the victim to have a miscarriage it cannot be said that apprising the jury of this fact is necessarily unfair. Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case. Evidence is unfairly prejudicial when it suggests decision on an improper basis. *State v. Pokorney*, 149 Idaho 459, 465, 235 P.3d 409, 415 (Ct. App. 2010); *State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994). If a miscarriage occurred here, it was not an unrelated act or circumstance, but instead was part and parcel of the crime for which Fordyce was charged. Fordyce has cited no authority that it is unfairly prejudicial for the State to present evidence of the injury caused by a battery. Here, there was no direct evidence of a miscarriage--merely a possible inference--but if a miscarriage did result, that information would not have been unfairly prejudicial as evidence confirming the fact and force of the battery. That the motive for the attack and the possible resulting injury made the defendant look like an exceptionally bad person is not unfair prejudice that would justify withholding those facts from the jury.

Second, while defense counsel was less than clear on this point, at the hearing he seemed to assert that it would be difficult to explain to the jury that the victim may not have actually been pregnant because a positive pregnancy test at an early stage reveals only the existence of hormones indicating pregnancy and does not establish that a fertilized egg had attached in the uterus or that a pregnancy was viable. From this premise, he asserted that the jury might incorrectly speculate that the blows delivered to the victim's abdomen caused her to have a miscarriage. In our view, this does not describe "unfair prejudice," for if it was ultimately determined that the victim had not actually been pregnant, this fact could easily have been elicited from her at trial. Defense counsel also could have cross-examined the doctor to draw out the points that counsel referenced at the motion hearing. An accused may not construct unfair

4

prejudice merely by conceiving of an incorrect inference that possibly could be drawn from the State's evidence and then declining to dispel that incorrect inference through appropriate cross-examination.

Because Fordyce has identified no unfair prejudice from this testimony, we hold that the district court did not err in failing to conduct a Rule 403 balancing test on the record.

## B.    Domestic Violence Expert's Testimony

Fordyce next contends that the district court erred in admitting testimony of the State's domestic violence expert over Fordyce's relevance objections. The State called the expert to explain why and in what circumstances a domestic violence victim may recant accusations against an abuser or minimize the abuser's wrongful conduct. About halfway through the expert's testimony the prosecutor asked him to explain the "dynamics" of a domestic violence situation, and the expert gave a lengthy narrative response. At the outset of this response, the expert told the jury that domestic violence "is a huge problem in the United States" and "in the time period that you will spend sitting in court today, on the average four women will be killed by their intimate partner." The expert went on to describe in general terms how there is often a gradual evolution of increasingly controlling behaviors by perpetrators and submission by victims to this ever-increasing control. He closed his narrative with: "It's a shift over time. The main dynamics being those of power." Fordyce then objected "on relevancy," without further comment. The district court overruled the objection.

On appeal, Fordyce contends that the district court erred because the expert's testimony concerning "the scope of the (domestic violence) problem and the number of women likely to be killed" were matters irrelevant to his guilt on the crime charged. However, Fordyce made no timely objection to that testimony. Idaho Rule of Evidence 103(a)(1) provides that error may not be predicated upon a ruling admitting evidence unless "a timely objection or motion to strike appears of record." Normally, a timely objection is made as soon as the question is asked. *State v. O'Bryan*, 96 Idaho 548, 556, 531 P.2d 1193, 1201 (1975). Fordyce did not make a timely objection to the prosecutor's question, but instead waited until the witness had finished his expansive narrative answer. A motion to strike evidence already elicited may serve as a delayed objection, *Phillips v. Erhart*, ___ Idaho ___, ___, 254 P.3d 1, 6 (2011); *O'Bryan*, 96 Idaho at 556, 531 P.2d at 1201, but Fordyce also did not move to strike any of the expert's preceding testimony, nor even direct the trial court's attention to the portions of the testimony that he now

5

challenges. We therefore hold that Fordyce's relevancy objection failed to timely and properly preserve a challenge to the evidence that he now, belatedly, contends was wrongfully presented.

When the expert's testimony resumed, the prosecutor asked for an opinion as to why victims of domestic violence do not always report or may be reluctant to report it, and the witness responded without objection from Fordyce. The prosecutor then asked, "And again, in your training and experience, have you seen recantation in the context of domestic violence?" Defense thereupon objected: "Your Honor, I am going to object at this point as to where the question is going. If we are going to get into specifics, I don't know that all of this is relevant to the case at hand, the facts that have been elicited this far." From these statements, the only apparent legal ground for objection was relevance. Again, there was no motion to strike any of the expert's preceding testimony. After discussion outside the presence of the jury, the district court overruled the objection.

On appeal, Fordyce contends that the domestic violence expert's testimony improperly presented a trait of the victim's character to prove that she acted in conformity therewith, which is made inadmissible by I.R.E. 404(a) and that the district court should have excluded the evidence under I.R.E. 403.

Idaho Rule of Evidence 103(a)(1) provides that an objection must state "the specific ground of objection, if the specific ground was not apparent from the context." An objection on one ground will not preserve a separate and different basis for excluding the evidence. *State v. Norton*, 134 Idaho 875, 880, 11 P.3d 494, 499 (Ct. App. 2000); *State v. Enyeart*, 123 Idaho 452, 454, 849 P.2d 125, 127 (Ct. App. 1993). At trial, defense counsel's only stated objection was relevance. He did not expressly invoke Rule 404(a) or refer to the expert's testimony as character evidence, nor did he ask the court to exclude the evidence under Rule 403 as substantially more prejudicial than probative. Assuming *arguendo*, however, that the relevance objection at trial adequately preserved for appeal the issue whether the evidence was irrelevant for any purpose other than that excluded by Rule 404(a), we find Fordyce's appellate argument to be without merit.

Rule 404(a) provides that "evidence of a person's character or a trait of character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion" except in limited circumstances that are not applicable here. That rule is inapposite here because the expert witness presented no testimony whatsoever concerning the

6

character or traits of character of the victim in this case. So far as revealed by the record, the expert had never interviewed nor evaluated this victim, and he presented no testimony about her personal behavior or characteristics. Rather, his testimony was about common behaviors of domestic violence perpetrators and victims and the types of behavior that domestic violence victims often exhibit. Therefore, I.R.E. 404(a) is entirely inapplicable to this testimony.

Other than arguing that the challenged evidence is character evidence made inadmissible by Rule 404(a), Fordyce does not carry forward on appeal the relevance objection that was raised below. Having found his appellate argument for application of Rule 404(a) to be without merit and his Rule 403 argument to be unpreserved for appeal, we do not further consider the admissibility of this evidence.

## III.

## CONCLUSION

Because Fordyce's appellate argument has identified no error in the trial proceedings, the judgment of conviction is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

7