**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38069**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 454** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: April 30, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CODY JAMES FORTIN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. D. Duff McKee, District Judge.

Judgment of conviction for aggravated battery and use of a deadly weapon in the commission of a crime, <u>affirmed</u>.

Greg S. Silvey, Star, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Cody James Fortin appeals from his judgment of conviction for aggravated battery and use of a deadly weapon in the commission of a crime. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2009, the state charged Fortin with aggravated battery, I.C. §§ 18-903(a), 18-907(a), and 18-907(b); and use of a deadly weapon in the commission of a crime, I.C. § 19-2520. The information alleged that Fortin willfully and unlawfully stabbed the victim in the face and shoulder with a knife, causing the man great bodily harm or permanent disfigurement. The state filed a notice of intent to use evidence at trial that Fortin fled when approached by police officers the day after the alleged battery occurred. The state asserted that, while the evidence was not believed to fall under I.R.E. 404(b), the notice was provided out of caution in the event the

district court found otherwise. Fortin objected to the admission of such evidence at trial. A jury found Fortin guilty of aggravated battery and use of a deadly weapon in the commission of a crime. Fortin was sentenced to a unified term of twenty-five years, with a minimum period of confinement of twelve years. Fortin appeals.

## II.

## ANALYSIS

### A.    Evidence of Flight

Fortin argues that the district court abused its discretion by failing to recognize that evidence of his flight was I.R.E. 404(b) evidence and by failing to conduct an appropriate balancing analysis of the probative value of such evidence against the danger of unfair prejudice. Idaho Rule of Evidence 404(b), provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of other crimes, wrongs, or acts may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009).

Rule 404(b) allows evidence of other acts if admitted for the purpose of showing knowledge or consciousness of guilt. *State v. Pokorney*, 149 Idaho 459, 463, 235 P.3d 409, 413

(Ct. App. 2010).  Consciousness of guilt has been found in a variety of circumstances.  Evidence of flight, escape, or failure to appear on the part of a defendant is often identified as relevant to demonstrate consciousness of guilt.  *State v. Moore*, 131 Idaho 814, 819-20, 965 P.2d 174, 179-80 (1998) (admitted evidence that defendant left Idaho for his home in Oregon to avoid a scheduled interview from an officer investigating lewd conduct); *State v. Rossignol*, 147 Idaho 818, 821-22, 215 P.3d 538, 541-42 (Ct. App. 2009) (allowed evidence that defendant failed to appear at a hearing to increase bond and left the jurisdiction); *State v. Friedley*, 122 Idaho 321, 322-23, 834 P.2d 323, 324-25 (Ct. App. 1992) (allowed stipulation that defendant failed to appear at arraignment and at the initially scheduled trial on drug charges).

The inference of guilt may be weakened when a defendant harbors motives for escape other than guilt of the charged offense.  *Rossignol*, 147 Idaho at 821, 215 P.3d at 541.  The existence of alternative reasons for the escape goes to the weight of the evidence and not to its admissibility.  *Id.* at 822, 215 P.3d at 542.  Admission of evidence which is probative on the issue of flight to avoid prosecution requires the trial court to conduct a two-part analysis.  *Id.* First, the trial court must determine that the evidence is relevant under I.R.E. 401; and, second, the court must determine that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.  *Id.*  This Court reviews the question of relevancy in the admission of evidence de novo.  *Id.*  A trial court's decision that evidence is more probative than prejudicial is reviewed for abuse of discretion.  *Id.*

We first address Fortin's assertion that the district court erred by failing to recognize that evidence of his flight was I.R.E. 404(b) evidence.  Indeed, the district court did not view evidence of Fortin's flight as implicating I.R.E. 404(b).  However, the only adverse consequence of this identified by Fortin is that the district court did not, on the record, balance the probative value of this evidence against the risk of unfair prejudice.[1]  We, therefore, address that omission.

In determining that evidence of Fortin's flight would be admitted, the district court stated:

> We visited at some length and talked about this in chambers before trial began, and I indicated that at that time how I was inclined to read this and how I as was inclined to rule.

---

[1]     Fortin does not challenge the district court's determination that evidence of his flight was relevant.

. . . .

The law for years has been that flight can be argued--a flight to avoid arrest can be argued by the prosecutor as indicia of guilt.

Accordingly, the district court referred to the probative value of the evidence of Fortin's flight. However, as Fortin asserts, the district court did not make any comments on the record regarding the danger of unfair prejudice posed by such evidence.[2]

In *State v. Fordyce*, 151 Idaho 868, 869-70, 264 P.3d 975, 976-77 (Ct. App. 2011), this Court addressed an argument that the district court in that case abused its discretion by failing to conduct a balancing analysis of the probative value of challenged evidence against the danger of unfair prejudice on the record. We held that, because Fordyce failed to identify any unfair prejudice from admission of the challenged evidence, the district court did not err by failing to conduct a balancing analysis on the record. *Id.* at 870-71, 264 P.3d at 977-78.

Here, with respect to identifying unfair prejudice from the flight evidence, Fortin's counsel stated at trial:

> Two weeks ago . . . I actually tried to get a pretrial ruling on this and [the judge] wouldn't allow us to do it because he said he wanted the trial judge to make the determination.
> The reality of it is, if I file a motion, it is my obligation to set it for notice of hearing. And the reality here is that this evidence coming in now, without any prior notice from the prosecutor, is extremely prejudicial. Obviously, it is prejudicial. It is inflammatory.

To the extent Fortin argued that evidence of his flight was unfairly prejudicial and should not have been admitted because he did not have prior notice from the prosecutor that such evidence

---

[2] The prosecutor made the following statements during trial regarding the danger of unfair prejudice posed by the evidence:

> As far was whether it is prejudicial, the Court pointed out, and I agree, it is prejudicial but it is not unfair prejudice. It is not that they are going to think he did it for the wrong--for some bad reason or something unrelated. It is prejudicial because he was running from officers and shows his consciousness of guilt.

These statements, coupled with the district court's indication that the matter was discussed in chambers at some length before trial, indicate that the district court probably did consider the danger of unfair prejudice stemming from evidence of Fortin's flight. However, such discussion took place off the record, and we cannot assume that the district court conducted the proper analysis regarding unfair prejudice.

would be used, this assertion was without merit because it was belied by the record and Fortin's own statements. Specifically, prior to trial, the state filed a notice of intent to use evidence of Fortin's flight and, as just described, Fortin asserted that two weeks prior to trial he attempted to get a pretrial ruling on the state's notice of intent to use such evidence.

While not specifically identified as unfair prejudice, Fortin also argued that the state's evidence did not implicate flight because there were potential motives for Fortin's escape other than guilt of the aggravated battery. Specifically, Fortin asserted:

> Now, what the prosecutor said is not a full representation of what happened. These officers approached in plain clothes in unmarked police cars, and so I don't know how you can possibly say it is even evidence of flight.
>
> Someone approaches [Fortin] with a gun. Obviously, [the victim] is the one who brought the knife to this fight, he attacks [Fortin] the night before, and now somebody approaches [Fortin] with a gun.

We reiterate that the inference of guilt drawn from evidence of escape or flight may be weakened when a defendant harbors motives for escape other than guilt of the charged offense. *Rossignol*, 147 Idaho at 821, 215 P.3d at 541. However, the existence of alternative reasons for the escape goes to the weight of the evidence and not to its admissibility. *Id.* at 822, 215 P.3d at 542. Further, if Fortin fled from police the day after he committed the aggravated battery, it cannot be said that apprising the jury of this fact was necessarily unfair. Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case. *Fordyce*, 151 Idaho at 870, 264 P.3d at 977. Evidence is unfairly prejudicial when it suggests decision on an improper basis. *Pokorney*, 149 Idaho at 465, 235 P.3d at 415; *State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994). That Fortin's flight indicates his consciousness of guilt of the aggravated battery offense is not unfair prejudice that would justify withholding that fact from the jury. As in *Fordyce*, Fortin has not shown reversible error because Fortin has not identified any unfair prejudice to weigh. Accordingly, we hold that the district court did not abuse its discretion by failing to conduct a balancing of the probative value of the evidence of Fortin's flight against the danger of unfair prejudice on the record.

B.      **Witness Exclusion**

Fortin next argues that the district court abused its discretion by excluding the testimony of a potential defense witness at trial pursuant to I.R.E. 403. Idaho Rule of Evidence 403 provides that, although relevant, evidence may be excluded if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.*

At trial, after the state rested, defense counsel informed the district court that Fortin would not be calling any witnesses. Before the defense formally rested, the district court took a break to settle the jury instructions. When the parties returned, Fortin's counsel informed the district court that, during the break, a woman, who was present when the stabbing occurred and listed as a potential witness for the state but not called, told Fortin that she had previously overheard two state witnesses discussing their trial testimony after they both had testified. Fortin's counsel then asserted that, while the woman had been tainted as a potential witness, he felt compelled to call her. The state objected.

The district court then asked Fortin's counsel to make an offer of proof regarding what the potential witness was expected to testify to that was probative to the defense in this case. Fortin's counsel asserted that the potential witness was expected to testify that she did not see Fortin throw a punch in the altercation with the victim outside the residence where the fight occurred, but that it could have happened. Fortin's counsel also asserted that this woman would testify that Fortin accidentally came to get into her car when attempting to leave the residence after the altercation and that she had to inform Fortin that the car was hers, not his. The district court responded that there was nothing that was not cumulative to what the state had already presented and nothing exculpatory. The following exchange then took place between the district court and Fortin's counsel:

> [COUNSEL]  So, is--is the--it's the ruling of the Court I cannot call [the woman] as a witness?
> [COURT]     Unless you show me that there is something that is not cumulative to what the State's already shown or exculpative.
> [COUNSEL]  Well, that was my conversation with [the woman]. Her-- what she told me was that she did not see [Fortin] throw a punch or make a slapping motion outside. I--I think that--she--the two things she does offer, is--in terms of--I don't think it's necessarily impeachment, certainly, of her, but it goes to the credibility of the witnesses, and certainly my defense that she was present during a conversation with [the victim] on Monday, and she was also one of the

6

witnesses present today when [the victim] was--or yesterday when [the victim] was discussing the case and [an officer] had to break that up.

      So, she's actually present for two situations where [the victim] has been discussing the facts of this case.

      [COURT]     Which I would not permit you to go into . . . unless she was a witness.

      And unless you can represent that she was a--that she saw it, that it didn't happen, not that she didn't see it happen, because that's not necessarily exculpative, unless you can prove--unless you can establish that she was in a position to see, and was looking, and it didn't happen, didn't--by--by saying she didn't see it happen that it didn't happen.

      If she wasn't looking, and what I'm understanding you to say is she didn't see it happen, but it could have happened, which kind of says to me she was not in a position to observe, which is not exculpatory.

      I would otherwise rule that--on--on the State's case, it's--that--that anything else she adds is cumulative to what the State's already added.

      [COUNSEL]  The only thing--the only information I can give the Court, as an offer of proof of what [the woman] is going to say, is her statement and the--what she just told me in the hall.  So, other than that, I request that we be allowed to call her as a witness.

      [COURT]     On the--on the offer of proof, I would find that the evidence--the constructive evidence of what she did observe is cumulative to what the State has already offered and not exculpative.  And Counsel has not offered anything in the offer of proof that is exculpative.  And, therefore, the test--the testimony would be cumulative of the State's offer and otherwise irrelevant.

Fortin argues that the district court erred by excluding the proposed testimony of the potential defense witness because such testimony was not needlessly cumulative.  However, even if the district court erred by excluding such testimony, convictions will not be set aside for errors or defects that have little, if any, likelihood of having changed the results of the trial.  *State v. Barcella*, 135 Idaho 191, 196-97, 16 P.3d 288, 293-94 (Ct. App. 2000).  Where an error concerns evidence omitted at trial, the test for harmless error is whether there is a reasonable possibility that the lack of excluded evidence contributed to the verdict.  *Id.*

Here, the evidence adduced at trial was overwhelming that Fortin used a knife in the commission of the aggravated battery and, as a result, the victim suffered significant injuries.  Multiple witnesses described the altercation between Fortin and the victim in this case.  None testified that anyone other than Fortin and the victim were involved in the physical fight.  One witness testified that, during the altercation between Fortin and the victim, the witness saw Fortin with a knife in his hand and watched Fortin make a slashing motion and connect with the

victim's face. Another witness testified that she also saw Fortin holding something in his hand during the altercation that she believed was a knife. An additional witness testified that she saw Fortin make a slashing motion toward the victim and saw something in Fortin's hand. The attending trauma surgeon testified that the penetrating wound to the victim's chest was a stab wound, although he could not say with certainty what caused the wound. However, the surgeon also testified that the wound to the victim's face was consistent with a knife wound. Given the weight of the evidence against Fortin in this case, we are convinced beyond a reasonable doubt that there is no reasonable possibility that the lack of the excluded evidence contributed to the verdict obtained against Fortin. Therefore, even assuming the district court erred by excluding the testimony of the potential defense witness, such error was harmless.

## C.      Motion for Mistrial

Fortin additionally asserts that the district court erred by denying his motion for a mistrial after a state's witness, the victim in this case, referenced Fortin's gang affiliation during cross-examination. In criminal cases, motions for mistrial are governed by I.C.R. 29.1. A "mistrial may be declared upon motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives the defendant of a fair trial." I.C.R. 29.1(a). Our standard for reviewing a district court's denial of a motion for mistrial is well established:

> [T]he question on appeal is not whether the trial judge reasonably exercised his discretion in light of circumstances existing when the mistrial motion was made. Rather, the question must be whether the event which precipitated the motion for mistrial represented reversible error when viewed in the context of the full record. Thus, where a motion for mistrial has been denied in a criminal case, the "abuse of discretion" standard is a misnomer. The standard, more accurately stated, is one of reversible error. Our focus is upon the continuing impact on the trial of the incident that triggered the mistrial motion. The trial judge's refusal to declare a mistrial will be disturbed only if that incident, viewed retrospectively, constituted reversible error.

*State v. Urquhart,* 105 Idaho 92, 95, 665 P.3d 1102, 1105 (Ct. App. 1983).

During cross-examination of the victim in this case, the following exchange occurred:

> Q.      Now, at some point, I assume--did you ever get a clear look at this knife? It seems you like--you just say it was a shiny object.
> A.      Not a clear look, but I believe getting cut across the face and stabbed in the neck and seeing a shine, you know it's a knife.
> Q.      So it's just your opinion that this was a knife?

A. I knew it was a knife. I couldn't determine which kind.
Q. How do you know it was a knife?
A. Because it punctured me in the neck and cut me across the face, and I know most gang members carry those.

The district court immediately instructed the jury to disregard the victim's reference to gang members; the victim completed his testimony; and, at the next break in the trial proceedings, Fortin moved for a mistrial. Fortin argued that the victim's reference to gang members led the jury to believe that Fortin was potentially a member of a gang and was, therefore, extremely prejudicial and too inflammatory for a curative instruction. Fortin did not allege that the state planted or otherwise invited the comment from the victim. In denying Fortin's motion for a mistrial, the district court explained:

> In my view and my opinion, if you ask an open-ended question on cross-examination such as how or why, the witness is entitled to tell you how, and if that's on his mind, why you've got it. If there's something in that explanation that you want to build a fence around it, then, either, A, ask precise questions, or, B, you have to alert in advance with a motion in limine.
> I will strike it. I've instructed the jury to disregard it, but I do not consider it to be a mistrial issue. Motion for mistrial is denied.

We presume that the jury followed the district court's instructions. *See State v. Kilby,* 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996).

We conclude that, given the open-ended nature of Fortin's question on cross-examination, the lack of a motion in limine requesting a pretrial order instructing the state to admonish witnesses from referencing gang membership and the immediate instruction by the district court to the jury to disregard the victim's reference to gang members, Fortin has failed to show that the reference constituted reversible error. Therefore, the district court did not err by denying Fortin's motion for a mistrial.

**D. Cumulative Error**

Fortin argues that the doctrine of cumulative error requires reversal of his judgment of conviction and remand for a new trial. The cumulative error doctrine refers to an accumulation of irregularities, each of which by itself might be harmless, but when aggregated, show the absence of a fair trial in contravention of the defendant's right to due process. *Moore*, 131 Idaho at 823, 965 P.2d at 183. The presence of errors alone, however, does not require the reversal of a

conviction because, under due process, a defendant is entitled to a fair trial, not an error-free trial. *Id.* In this case, there was no accumulation of irregularities. Accordingly, the cumulative error doctrine is inapplicable.

## III.

## CONCLUSION

Fortin did not identify any unfair prejudice resulting from the admission of evidence of his flight from police officers the day after the aggravated battery occurred. Accordingly, the district court did not abuse its discretion by failing to conduct a balancing of the probative value of the evidence of Fortin's flight against the danger of unfair prejudice on the record. Additionally, even assuming that the district court erred by excluding the testimony of the potential defense witness, such error was harmless because we are convinced beyond a reasonable doubt that there is no reasonable possibility that the lack of such evidence contributed to the jury verdict. Further, the district court did not err by denying Fortin's motion for a mistrial because Fortin failed to show that the victim's reference to gang members constituted reversible error. Finally, because there was no accumulation of irregularities in this case, the cumulative error doctrine is inapplicable. Accordingly, Fortin's judgment of conviction for aggravated battery and use of a deadly weapon in the commission of a crime is affirmed.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**