# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41135

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 601 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 1, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERNIE J. TRUJILLO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and unified sentence of fourteen years with three years fixed for forgery, enhanced as a persistent violator, affirmed.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

WALTERS, Judge Pro Tem

Ernie James Trujillo appeals from his felony conviction for forgery, I.C. § 18-3601, with an enhancement of his sentence for his status as a persistent violator, I.C. § 19-2514. On appeal, he argues that the district court committed error by permitting the State to present to the jury a recorded telephone conversation containing an admission by Trujillo that implied his guilt. He also asserts that the district court abused its discretion by sentencing him to fourteen years with three years fixed.

## I.

## BACKGROUND

On January 17, 2012, Trujillo entered a Moneytree store and passed a $375 check, which had been forged by an accomplice. The State charged Trujillo with forgery, and later added a persistent violator enhancement allegation. Pending trial on the forgery Trujillo was charged with new crimes in another case. The parties attempted to resolve all pending charges in a plea

1

agreement; however, the district court was reluctant to accept Trujillo's guilty pleas after Trujillo appeared to claim innocence in his presentence investigation report with regard to the forgery charge, and the district court allowed Trujillo to withdraw his guilty pleas. The case ultimately went to trial. Following the trial, the jury returned guilty verdicts on both the forgery charge and the enhancement allegation. The district court sentenced Trujillo to fourteen years imprisonment with three years fixed. Trujillo filed a timely motion to reconsider his sentence, which was denied by the district court. Trujillo then filed a timely notice of appeal from the judgment of conviction.

## II.

## DISCUSSION

### A.     Admission of Recorded Telephone Conversation

During a pretrial conference, Trujillo objected to the admission into evidence of a portion of one of three recordings of telephone calls placed by Trujillo from jail. Specifically, Trujillo objected to the admission of his statement, "I'm thinking I might get probation for being accessory to it," on the basis that the statement was confusing for a jury. The State responded that it felt that the statement was an acknowledgement of guilt, that the risk of confusion did not outweigh the statement's relevance, and that the statement was probative of elements the State needed to prove. The State also felt that it was a weight of the evidence issue, not an admissibility issue.

The district court expressed concern that the statement was an excerpt from a much longer conversation and that there were a number of interpretations possible with regard to the statement. Recognizing that an Idaho Rule of Evidence 403 analysis involves the court's discretion and that the trial court must weigh any probative value against any unfair prejudice or confusion, the district court subsequently found that the statement was probative, but that the court would exclude the statement given the totality of the excerpt. The district court stated it would think about the issue a little more and left open the possibility of later changing its mind. In a subsequent pretrial conference, the State asked the district court to reconsider its ruling on the statement, and the district court indicated that it would review the recording again.

At the beginning of the jury trial, the district court informed the parties that it had reviewed the excerpt, including the excluded statement, and decided that "in listening to it and putting it in the context of the entirety of that tape, it's clear that it has probative value of guilt

2

and acknowledgement of his own--on Mr. Trujillo's part in the forgery." According to the district court:

> [W]hat comes clear to me is that, one, he knew that some woman, who's unidentified, but I assume it's the potential co-defendant, put his name on the check and that he actually passed it. The jury--the State has to prove that he knew that it had been forged when he passed it.

Thus, the district court decided that "the probative value is not substantially outweighed by any unfair prejudice to Mr. Trujillo and it does not have a tendency to confuse the jury." Later, the district court emphasized that "I've reversed my decision, having, again, applied a 403 analysis and finding that its probative value is not substantially outweighed." The district court subsequently granted the State's motion to admit the jail telephone call recordings, including the recording containing the previously-excluded statement, into evidence and publish the recordings for the jury. Trujillo had a continuing objection to the admission of the previously-excluded statement.

The Rules of Evidence generally govern the admissibility of all evidence in the State of Idaho. *State v. Meister*, 148 Idaho 236, 240, 220 P.3d 1055, 1059 (2009). Rule 403 provides that relevant evidence may be excluded if, in the trial court's discretion, the danger of unfair prejudice substantially outweighs the probative value of the evidence. *State v. Ruiz*, 150 Idaho 469, 471, 248 P.3d 720, 722 (2010); *State v. Fordyce*, 151 Idaho 868, 870, 264 P.3d 975, 977 (Ct. App. 2011). "Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case. Evidence is unfairly prejudicial when it suggests decision on an improper basis." *Fordyce*, 151 Idaho at 870, 264 P.3d at 977. "Under the rule, the evidence is only excluded if the probative value is *substantially* outweighed by the danger of unfair prejudice. The rule suggests a strong preference for admissibility of relevant evidence." *State v. Martin*, 118 Idaho 334, 340 n.3, 796 P.2d 1007, 1013 n.3 (1990). Absent a clear abuse of discretion in weighing potential prejudice against relevance, a district court's determination under Rule 403 will not be disturbed on appeal. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991).

The record demonstrates that the district court properly exercised its discretion in weighing the probative value of the evidence of Trujillo's admission of guilt against its potential for unfair prejudice. At the State's request, the district court listened to Trujillo's admission that he was an accessory to the forgery in the context of the entire recording. Taken in context, it became clear to the district court that Trujillo knew that an unidentified woman placed his name

on a forged check and that he passed that check. The district court recognized that Trujillo's admission was probative and found that it was not substantially outweighed by any potential for unfair prejudice. The district court therefore reversed its prior ruling and admitted Trujillo's admission of guilt into evidence.

Trujillo's admission of guilt is manifestly probative. As the United States Supreme Court has held, a defendant's admission of guilt is "probably the most probative and damaging evidence that can be admitted against him." *Bruton v. United States*, 391 U.S. 123, 139 (1968). A confession of guilt is a proper basis on which to premise a finding of guilt. Trujillo's admission of guilt, therefore, is not substantially outweighed by unfair prejudice. The district court properly applied Rule 403 in weighing the evidence. On appeal, Trujillo argues that his admission was merely marginally relevant because Trujillo's acknowledgement that he was an accessory to the crime might be interpreted differently than an outright admission of guilt. Whether Trujillo's statement, especially in context, can be taken as anything other than an admission of guilt is an issue for the jury to determine; it is not an issue of relevance or admissibility. Trujillo's statement has the tendency of making the fact of his guilt "more probable . . . than it would be without the evidence." *See* I.R.E. 401. Indeed, as indicated by the Supreme Court above, such a confession is likely the most probative evidence of guilt that could be admitted. *Bruton*, 391 U.S. at 139.

Trujillo also argues that admitting his recorded confession that he was an accessory to the crime might lead to "confusion of the issues," apparently because Trujillo seemed unsure about the legal distinction between principals and accessories to crimes. Whether Trujillo thought he was the principal or the accessory, however, was not the relevant issue for the jury to decide. The relevant issue was whether or not Trujillo was guilty of forgery. As Trujillo acknowledges in his appellant's brief, Idaho has abolished the legal distinction between principals and accessories. I.C. § 19-1430; *State v. Johnson*, 145 Idaho 970, 973, 188 P.3d 912, 915 (2008). Whether Trujillo acted as a principal or an accessory in the forgery scheme, therefore, had no potential to confuse the relevant issue of Trujillo's guilt. The district court properly weighed Trujillo's highly probative admission of guilt against its minimal potential for unfair prejudice under Rule 403 and properly admitted the recording. Trujillo has failed to establish any abuse of the district court's exercise of discretion under Rule 403.

**B.      Sentence Review**

Trujillo argues that, in light of allegedly mitigating factors, the district court abused its discretion by imposing a sentence of fourteen years with three years fixed on his conviction for forgery with a persistent violator enhancement.  An appellate review of a sentence is based on an abuse of discretion standard.  *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).  Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion.  *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case.  *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).  A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case."  *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Considering the nature of Trujillo's crime, and his criminal history, his sentence is not excessive.  In this case, the district court sentenced Trujillo on what appeared to be his seventh and eighth felonies for, respectively, possession of methamphetamine and forgery with a persistent violator enhancement.  Through his three-decade criminal career, Trujillo has also been convicted of numerous misdemeanors.  His convictions include violent crimes, such as domestic battery; theft crimes, such as forgery and burglary; drug-related crimes, such as possession of methamphetamine, marijuana, and paraphernalia; and numerous traffic and probation violations.

Despite Trujillo's troubling criminal history, and while noting that probation was not an option in his case, the district court did not give up on Trujillo's potential for rehabilitation. Instead the court crafted a sentence that would give Trujillo enough time and incentive to work hard and take advantage of programming.  The sentence imposed by the district court thus serves

the sentencing interests of protecting society from Trujillo's criminality by placing him in confinement, while also balancing those interests with the hope for Trujillo's eventual rehabilitation. Trujillo asserts that his substance abuse problems, difficult childhood, and lack of educational attainment should have weighed more heavily in the district court's analysis. These matters were not overlooked by the district court; the district court in fact addressed Trujillo's troubled youth and his substance dependency in its sentencing. However, those circumstances ultimately do not diminish the serious nature of Trujillo's current crimes or the risk of continuing criminal conduct he presents to society when not in confinement. Because Trujillo has failed to show that his sentence is excessive, he has failed to establish an abuse of the district court's discretion.

## III.

## CONCLUSION

The district court did not err in admitting the telephonic evidence of Trujillo's admission of guilt and the district court did not abuse its sentencing discretion. The judgment of conviction for forgery, and the enhanced sentence of fourteen years with three years fixed, are affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**