**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49949**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 21, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DAVID WILLIAM WARD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for misdemeanor second degree stalking, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

David William Ward appeals from his judgment of conviction for misdemeanor second degree stalking, Idaho Code § 18-7906. Ward argues the district court abused its discretion by admitting unfairly prejudicial evidence of a jail call he made to his ex-wife. Because the district court did not abuse its discretion in admitting the evidence, Ward's judgment of conviction and sentence are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An investigation began after the victim, S.P., contacted police to report concerns that Ward repeatedly made unwanted attempts to contact her. S.P. was a former co-worker and friend of Ward who did not return the romantic feelings he had for her. After receiving this report, an officer called Ward and told him to cease all contact with S.P. In response to the officer's order, Ward

1

stated: "I can't really agree, I'm sorry." After S.P. reported another incident the next day, the officer again contacted Ward and told Ward to cease all contact and communications with S.P. Nonetheless, over the next couple of months, Ward continued to contact S.P.: he left unwanted voicemails; once, he waited by S.P.'s car late at night after she finished her work shift; he left a gift, flower, and note on her car on another occasion; and he followed her home from work another day. Ward also attempted to contact S.P. at her home multiple times and was told by her stepfather that Ward could not see S.P., S.P. did not want to see Ward, Ward was stalking S.P. and that behavior "was not right," and at least twice, to stay away from S.P. and leave her alone.

Because of these incidents, S.P. again contacted the police, prompting an officer to park near S.P.'s residence to watch for Ward. As he surveilled S.P.'s residence, the officer saw Ward drive up and park near S.P.'s home, approach the back door with a small box, and return to his vehicle without the box. After arresting Ward for stalking, officers searched Ward's vehicle and seized a baseball bat, a machete-style knife with a nine-inch blade, and a bag containing handcuffs and a mask. Ward was ultimately charged with first degree stalking while possessing a deadly weapon, I.C. § 18-7905(1)(d).

Before trial, the State filed a notice of intent to introduce evidence of several excerpts from recorded jail calls that Ward made to his ex-wife. The State contended the calls generally contained discussions of Ward telling his ex-wife to claim ownership of the items in the car; to bail him out of jail so he could take care of the situation; and other statements that showed consciousness of guilt. As relevant to this appeal, in one excerpt of a call, designated as Exhibit 16a, Ward states, "I need you to get me out of here so I can square this away the right way. I'm not taking the fall for some twerp," and "I need you to get me out of here so I can take care of this the right way. Thank you. Love you. Bye."

At trial, the State argued Ward's statements during that call were admissible because the statements were relevant to Ward's consciousness of guilt under Idaho Rule of Evidence 404(b). In response, Ward argued the statement was unfairly prejudicial pursuant to I.R.E. 403. The district court overruled Ward's objection and admitted Exhibit 16a. The jury convicted Ward of misdemeanor second degree stalking. Ward timely appealed.

## II.

## STANDARD OF REVIEW

A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Ward argues the district court abused its discretion by admitting relevant but unfairly prejudicial evidence because the excerpt of the jail call contained in Exhibit 16a is inherently and highly inflammatory, which would invite the jury to reach its decision on an improper basis. The State argues the jail call is not unfairly prejudicial because the only prejudice Ward identified is the evidence's probative value, which is prejudicial but not unfairly prejudicial.

Idaho Rule of Evidence 404(b) precludes the admission of evidence of a crime, wrong, or other act to prove a person's character in order to show that on a particular occasion the person acted in accordance with his character but permits the admission of evidence of other acts to show knowledge or consciousness of guilt. *State v. Pokorney*, 149 Idaho 459, 463, 235 P.3d 409, 413 (Ct. App. 2010). When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts such that a reasonable jury could conclude the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009); *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009).

Idaho Rule of Evidence 403 provides the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

3

presenting cumulative evidence. In determining unfair prejudice, the proper focus of the trial court is whether the fact to be shown by the evidence justifies the tendency of the evidence to persuade by illegitimate means. *State v. Rhoades*, 119 Idaho 594, 604, 809 P.2d 455, 465 (1991). Illegitimate means includes when evidence invites inordinate appeal to lines of reasoning outside of the evidence or emotions which are irrelevant to the decision-making process. *Id.* Although most evidence offered to prove a defendant's guilt is inherently prejudicial. *State v. Rawlings*, 159 Idaho 498, 506, 363 P.3d 339, 347 (2015). Evidence is not unduly prejudicial simply because it is damaging to a defendant's case. *State v. Fordyce*, 151 Idaho 868, 870, 264 P.3d 975, 977 (Ct. App. 2011). Thus, evidence is only unfairly prejudicial if it suggests a decision on an improper basis. *Id.*

Evidence of a defendant's efforts to influence or affect evidence, such as intimidating a witness, offering to compensate a witness, and fabrication, destruction, or concealment of evidence may be relevant to demonstrate consciousness of guilt. *Pokorney*, 149 Idaho at 463, 235 P.3d at 413. Such evidence is admissible because a defendant's effort to influence evidence suggests an attempt to evade justice, and hence, implicates consciousness of guilt. *State v. Ehrlick*, 158 Idaho 900, 917, 354 P.3d 462, 479 (2015).

In this case, the district court found Exhibit 16a was relevant to show Ward's consciousness of guilt. On appeal, Ward acknowledges Exhibit 16a was relevant for this purpose. The district court also held the evidence was not unfairly prejudicial. Ward argues the district court erred in this regard because Exhibit 16a invited the jury to convict him because of an inference that he was violent and dangerous. However, Exhibit 16a does not include any explicit threats by Ward; he made the statements in a brief, calm nature; and he did not explicitly indicate he had violent or dangerous intentions. As Ward acknowledges, the language he used could be interpreted as reflecting his desire to address the criminal charges in a legal manner, such as meeting with his attorney and establishing a defense to the charges. Thus, the language Ward used in State's Exhibit 16a did not create a danger of confusing the issues or misleading the jury.

Further, Exhibit 16a did not cause undue delay or waste time; it was not needlessly cumulative of other evidence presented; it did not appeal to the passions of the jury; and it did not invite the jury to base its decision on an improper basis. The only prejudice identified was that Exhibit 16a demonstrated Ward's consciousness of guilt, which does not, in and of itself, make the statements contained in the exhibit so prejudicial that it precludes the admission of the exhibit.

4

Nothing about the statements in Exhibit 16a, specifically, or the record more broadly, indicate the jury's guilty verdict was based on being improperly influenced by the excerpt of the jail call.

As further evidence of the unfairly prejudicial nature of the statements, Ward argues that his statements evidencing consciousness of guilt were "far more distressing than any of the stalking conduct presented at trial." We disagree. Ward was explicitly told by law enforcement to stay away from S.P., and Ward's response was that "I can't really agree, I'm sorry," indicating an intent to disregard S.P.'s requests and law enforcement's advisement. After additional unwanted contact, Ward was again told to cease all contact and communication with S.P., which Ward again ignored. Ward followed S.P. late at night, went to her home, ignored S.P.'s stepfather telling Ward his behavior was problematic, and left unwanted telephone messages and gifts for S.P. Nothing about the excerpt from the jail call is "far more distressing" than Ward's willingness to disregard requests from both law enforcement and S.P.'s family and his documented behavior of unwanted and unceasing contact with S.P.

The district court did not err in concluding the probative value of the statements was not substantially outweighed by unfair prejudice. Having found the district court did not err, we need not address the State's argument regarding harmless error.

## IV.

## CONCLUSION

The district court did not err by admitting the jail call because the district court reasonably concluded the excerpt of the jail call was not unduly prejudicial in relation to its probative value showing consciousness of guilt. Ward's judgment of conviction is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

5