IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 46052

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 18, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOHNATHAN GRANT YEARSLEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Judgment of conviction for aggravated assault, use of a firearm or deadly weapon during the commission of a crime, and petit theft, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jeff Nye, Deputy Attorney General, Boise, for respondent.

---

LORELLO, Judge

Johnathan Grant Yearsley appeals from his judgment of conviction for aggravated assault, use of a firearm or deadly weapon during the commission of a crime, and petit theft. Yearsley contends that the district court abused its discretion in admitting evidence under I.R.E. 404(b). For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Yearsley entered a Maverik convenience store and tried to purchase wine despite being told that the wine could not be sold at that time of day. When the clerk declined to sell the wine, Yearsley took it and a pack of cigarettes without paying. As Yearsley was leaving, he

1

encountered a delivery driver who tried to intervene by following Yearsley. According to the driver, Yearsley drew a gun from his pocket and told the driver not to follow him. The driver also stated that Yearsley fired the gun at the driver as Yearsley drove out of the parking lot. The State charged Yearsley with aggravated assault, I.C. §§ 18-901(b) and 18-905(b); use of a firearm or deadly weapon during the commission of a crime, I.C. § 19-2520; and petit theft, I.C. §§ 18-2403(1), 18-2407(2), and 18-2409.

Prior to trial, the State filed a notice of intent to introduce I.R.E. 404(b) evidence. The proffered evidence related to a hit-and-run with property damage that occurred at a nearby Walmart prior to the charged offense and an incident at a Chevron store that occurred within two hours after the charged offense in which Yearsley also displayed a gun and indicated he could rob the store but would not. The State asserted that the evidence was relevant to prove identity and intent. Yearsley objected to the State's motion, arguing that identity would not be an issue because he was willing to stipulate to it and that the surveillance video from the scene and other evidence would render identity a nonissue. Yearsley also argued that the probative value of the proffered I.R.E. 404(b) evidence was limited and outweighed by the danger of unfair prejudice. The district court granted the State's motion. Following trial, the jury found Yearsley guilty of all three charges. Yearsley appeals.

## II.

## STANDARD OF REVIEW

A trial court's determination that evidence is relevant is reviewed de novo, but a trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. LaBelle*, 126 Idaho 564, 567, 887 P.2d 1071, 1074 (1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

# III.

## ANALYSIS

Yearsley concedes that the I.R.E. 404(b) evidence outlined in the State's notice and admitted at trial was relevant to prove identity, but contends that the probative value of the evidence for that purpose was limited. Yearsley further contends that the district court abused its discretion by failing to conduct an I.R.E. 403 analysis and that, even if such an analysis was conducted, the district court erred in concluding the probative value of the I.R.E. 404(b) evidence was not substantially outweighed by the danger of unfair prejudice.[1] The State responds that the I.R.E. 404(b) evidence was relevant, that the district court's I.R.E. 403 analysis was implicit in its decision to admit the evidence, and that the district court did not abuse its discretion in concluding the evidence was admissible. The State alternatively argues that any error in the admission of the I.R.E. 404(b) evidence was harmless. We hold that Yearsley has failed to meet his burden of showing error because the I.R.E. 404(b) evidence was relevant (as Yearsley concedes in relation to proving identity) and that the evidence was not subject to exclusion under I.R.E. 403.

Idaho Rule of Evidence 404(b) provides, in relevant part:

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; notice in a criminal case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such

---

[1] In his briefing, Yearsley expressly states that he "does not challenge the relevancy of the evidence for the purpose of identity" and "asserts that the I.R.E. 404(b) evidence was inadmissible for all I.R.E. 404(b) purposes other than identity." However, in other portions of his brief, Yearsley suggests that the I.R.E. 404(b) evidence had no probative value. We interpret Yearsley's express concession to mean what it says and assume that his assertions regarding the lack of probative value are not intended to override his concession.

as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of I.R.E. 404(b) evidence to which an objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the trial court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). In this case, Yearsley does not challenge whether a reasonable jury could believe that the I.R.E. 404(b) conduct actually occurred. Therefore, we need not address that aspect of the I.R.E. 404(b) analysis. As noted, Yearsley has also conceded the evidence was relevant, at least as to the issue of identity. However, because the probative value of the evidence is weighed against the danger of unfair prejudice, we will consider the State's assertion that the Chevron evidence was also relevant to prove intent.

## A.     Relevance

As an initial matter, we note Yearsley's acknowledgment that "the one contested charge" in this case is the aggravated assault charge. Thus, we will review the relevance of the I.R.E. 404(b) evidence through that lens. The parties agree that the I.R.E. 404(b) evidence was relevant to prove identity but dispute whether the Chevron evidence was also relevant to prove intent. The State argues that, because Yearsley's defense to aggravated assault centered on his intent when he fired his gun at Maverik, the evidence from the incident at Chevron was highly probative on that issue. More specifically, the State contends that Yearsley's use of his gun at Chevron demonstrated that Yearsley "viewed his gun as a tool he could use to threaten" and his "willingness to use [the gun] in that way." Yearsley disagrees and asserts that, although his behavior at Chevron was "odd," it was not relevant to prove his intent when he fired his gun at Maverik. We hold that the Chevron incident was relevant to prove intent.

The aggravated assault charge required the State to prove, in relevant part, that Yearsley fired his gun while at Maverik with the intent to cause a violent injury or with the intent to

4

threaten. The disputed issue surrounding the aggravated assault charge was whether Yearsley had such an intent. In his opening statement, defense counsel stated:

> Yearsley is not guilty of aggravated assault. He's not guilty of aggravated assault because he never threatened anyone. You're going to hear the facts in this case and they're 90 percent in agreement with everything that the prosecutor just told you. You're going to hear that [Yearsley] walked into a Maverik. You're going to hear that he tried to buy a bottle of wine. They wouldn't sell that bottle of wine to him due to the hour. You're going to hear that he walked out of that Maverik with a bottle of wine.
>
> You're going to hear that [the delivery driver] chased after him in a dark parking lot. [Yearsley] said, "Don't follow me." [Yearsley] got into his car. [Yearsley] drove away. And then you're going to hear that [the delivery driver] heard a shot fired. What you're not going to hear is that that shot was ever fired in [the delivery driver's] direction because there never was a shot fired in his direction.
>
> John Yearsley at no point threatened [the delivery driver].

Consistent with this opening statement, Yearsley testified that he held his gun out of the driver's side window and "shot it in the air." When asked why he fired his gun, he answered: "I guess the cowboy leaving town thing" and the "adrenalin" of the "situation." Yearsley further explained that, "it all kind of happened fast especially with somebody following me."

Conversely, the State's theory was that Yearsley fired his gun precisely because the driver was following him and did so to deter continued pursuit. The State argued:

> The Chevron incident is relevant because it shows from the testimony by the Chevron clerk that . . . Yearsley, displayed a handgun to [the clerk] and said essentially, I could rob this place, but I won't. That tells you something about a person's mindset and why they have a weapon. When they're using the term "robbery" only a few hours after these incidents happened at the Maverik, you can infer something about whether [Yearsley] intended to use that weapon offensively to threaten somebody. So that's relevant evidence to show intent.

The admission of evidence regarding the Chevron incident was proper for the purpose argued by the State because it was relevant to prove the material and disputed issue concerning Yearsley's intent. Intent is the purpose to use a particular means to effect a certain result. *State v. Salinas*, 164 Idaho 42, 44, 423 P.3d 463, 465 (2018). Yearsley's display of his weapon at Chevron, in conjunction with his comment that he could commit a robbery, tends to make it more probable that Yearsley fired his gun while at Maverick to effect a certain result, i.e., to prevent the delivery driver from pursuing Yearsley. Therefore, Yearsley has failed to show that

5

the Chevron evidence was inadmissible under the relevancy prong of the I.R.E. 404(b) analysis as it related to intent.

**B.    Prejudice**

Yearsley contends the district court "clearly abused its discretion when it failed to address whether the probative value of the [I.R.E. 404(b)] evidence was substantially outweighed by the prejudicial effect." Yearsley asserts he is entitled to a new trial "on this basis alone." Alternatively, Yearsley argues that the I.R.E. 404(b) evidence should have been excluded because it was unfairly prejudicial. More specifically, Yearsley asserts that, although the I.R.E. 404(b) evidence was relevant to prove identity, it had minimal probative value because the "State had no duty to prove the steps taken by the police" to identify Yearsley and that the evidence was "cumulative, unnecessary, and provided little assistance to the jury." Yearsley furthers argues the evidence was unfairly prejudicial because the evidence showed his bad behavior on the night of the charged offense, including him driving over a fence at Walmart; damaging his vehicle and private property and leaving the scene of the accident; and drinking while putting gas in his vehicle at Chevron, staggering, and driving over dividers in the road. Yearsley contends that this aspect of the evidence was not admissible for any proper purpose and was purely prejudicial. Finally, Yearsley argues that, because "credibility was at the heart of the case," the I.R.E. 404(b) evidence "could easily interfere with the jury's ability to make an impartial decision."

The State responds that, although the district court did not expressly weigh prejudice under I.R.E. 403, there is no indication in the record that the district court did not apply the correct legal standard. Moreover, the State argues the district court's ruling (that the I.R.E. 404(b) evidence was "not so much propensity," but was "part of the same context of the same incident") reflects an implicit ruling that the evidence was not unfairly prejudicial, particularly because the district court expressly overruled Yearsley's objection, which was based on unfair prejudice. As to the merits of the I.R.E. 403 issue, the State asserts that the I.R.E. 404(b) evidence was not unfairly prejudicial and that the limiting instruction "eliminated the general risk" that the jury convicted Yearsley based on propensity. We hold that the district court did not abuse its discretion in admitting the I.R.E. 404(b) evidence over Yearsley's I.R.E. 403 objection.

6

Under I.R.E. 403, relevant evidence may be excluded if the probative value of that evidence is substantially outweighed by the danger of unfair prejudice to the defendant. The rule suggests a strong preference for admissibility of relevant evidence. *State v. Martin*, 118 Idaho 334, 340 n.3, 796 P.2d 1007, 1013 n.3 (1990). A trial court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

We first address Yearsley's assertion that he is entitled to a new trial based solely on the district court's failure to expressly articulate its I.R.E. 403 reasoning. Yearsley relies on *State v. Ruiz*, 150 Idaho 469, 248 P.3d 720 (2010) to support this proposition. In *Ruiz*, the Idaho Supreme Court held that the district court abused its discretion because it excluded relevant evidence without conducting an I.R.E. 403 analysis. *Ruiz*, 150 Idaho at 471, 248 P.3d at 722. Rather, the court balanced the relevance of the evidence against the principle that a jury should not be advised of potential penalties if a defendant is convicted. *Id.* Subsequently, in *State v. Parker*, 157 Idaho 132, 139, 334 P.3d 806, 813 (2014), the Idaho Supreme Court applied *Ruiz* to conclude that the district court abused its discretion by admitting evidence without conducting the I.R.E. 403 balancing test. Rather, the district court stated that the I.R.E. 403 balancing did not apply because the district court instructed the jury that the hearsay at issue was not evidence. *Parker*, 157 Idaho at 138, 334 P.3d at 812. The Court, however, found the abuse of discretion was harmless. *Id.* at 139-40, 334 P.3d at 813-14.

We decline to conclude, on this record, that the district court failed to apply the correct legal standards. Yearsley's objection to the I.R.E. 404(b) evidence was two-fold: (1) the evidence was not admissible to prove identity because he would stipulate to identity in his opening statement and (2) his stipulation to identity played into "the balancing analysis" due to the "de minimus probative value" and the "danger of unfair prejudice." The district court overruled Yearsley's objection. Although the district court's comments focused on the first part of Yearsley's objection (his willingness to stipulate to identity), that does not mean the district court did not evaluate the second part of Yearsley's objection as to unfair prejudice in overruling his objection. Implicit in the district court's decision to overrule Yearsley's objection is its conclusion that the I.R.E. 404(b) evidence was not unfairly prejudicial. We do not read *Ruiz* or

*Parker* to require a conclusion that the district court abused its discretion based on a *presumption* that the district court disregarded an I.R.E. 403 objection even though it overruled the objection. *See State v. Merwin*, 131 Idaho 642, 648, 962 P.2d 1026, 1032 (1998) (reciting principle that appellant has burden of showing clear abuse of discretion and error will not be presumed). Unlike *Ruiz* and *Parker*, nothing in this record demonstrates the district court disregarded I.R.E. 403 in the face of Yearsley's objection. Thus, we reject Yearsley's assertion that he is entitled to relief on this basis.

We also reject Yearsley's contention that the I.R.E. 404(b) evidence should have been excluded on the basis that the probative value was substantially outweighed by the danger of unfair prejudice. Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case. Instead, evidence is unfairly prejudicial when it suggests decision on an improper basis. *State v. Fordyce*, 151 Idaho 868, 870, 264 P.3d 975, 977 (Ct. App. 2011). The probative value of the I.R.E. 404(b) evidence relating to Yearsley's conduct before and after the aggravated assault was high because it was relevant to prove the identity of Yearsley as the individual who committed the offenses at Maverick and, for the reasons previously stated, the Chevron incident was relevant to prove Yearsley's intent when he fired his gun while at Maverick. While Yearsley's behavior during those incidents was damaging in the sense that it was unfavorable to him, the evidence did not suggest decision on an improper basis. Indeed, Yearsley acknowledged he committed the acts underlying the charges stemming from the incident at Maverik. The I.R.E. 404(b) evidence was not unfairly prejudicial to the only disputed issue--Yearsley's intent. Thus, we hold there was no error in the admission of that evidence.

## IV.

## CONCLUSION

Yearsley has failed to show the district court abused its discretion in admitting I.R.E. 404(b) evidence. Accordingly, we affirm Yearsley's judgment of conviction for aggravated assault, use of a firearm or deadly weapon during the commission of a crime, and petit theft.

Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.

8