Argued August 17, affirmed September 26, 1977

STATE OF OREGON, *Respondent,*
*v.*
EARL THOMAS BURNS, *Appellant.*
(No. 75 5004, CA 7538)

569 P2d 671

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

W. Michael Gillette, Solicitor General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

Defendant appeals his conviction following a jury trial for robbery in the first degree, ORS 164.415, for the armed robbery of a Springfield gas station. The assignments of error concern the rebuttal testimony of defendant's sister and Officer Halford.

Defendant testified that he did not participate in the robbery. He stated that for a week before the robbery he had been living in a camper outside the apartment where his friends Davenport and Howe were living. Davenport and Howe were previously convicted of the robbery of the gas station. Defendant also admitted he left town the day after the robbery. He explained his departure was prompted because of previous plans to visit a friend and because he had heard that Davenport and Howe were "in trouble" and he didn't want to become involved. On cross-examination, defendant admitted to a phone conversation with his sister after the robbery, in which he asked for money and told her he knew the police were looking for him and he was using a different name. He denied telling her that he was "on the run."

The state called defendant's sister on rebuttal. She recalled defendant asking for money but couldn't recall any details of the conversation. The state then called Officer Halford for the purpose of impeaching the sister. Halford testified that he had interviewed the sister and she told him that in the phone conversation defendant had said "he was on the run."

■ Defendant assigns as error the admission of the sister's and Halford's testimony contending that it was impeachment of a collateral matter. The sister's testimony was not collateral, but was at best repetitious of and consistent with what defendant had already testified. It certainly was not impeaching since she couldn't remember what had been said except for defendant's request for money. Admission of this testimony did not prejudice the defendant.

[ 1159 ]

■ The state contends that Halford's testimony was admissible to impeach the sister, who was called to impeach the defendant but in fact did not. Her testimony was not inconsistent with that of the defendant and thus not impeachable by use of a prior inconsistent statement. *State v. Merlo,* 92 Or 678, 173 P 317, 182 P 153 (1919); *State v. Yee Geung,* 57 Or 509, 512-17, 112 P 424 (1910). There is some question whether defendant made a proper objection to Halford's testimony. In any event, we conclude that because of the overwhelming independent evidence of defendant's guilt the error was harmless. ORS 138.230.[1]

■■ Defendant's own admissions concerning his departure are strong evidence from which reasonable persons could infer flight because of guilty knowledge. In addition, the victim positively identified defendant as one of the three robbers and the one who held the gun at his head. Another witness observed defendant together with Howe and Davenport shortly after the crime under circumstances which substantially corroborated the victim's testimony. Davenport testified that he, Howe, and another man named "Tom" were at the gas station the night of the robbery but that "Tom" was the one who actually committed the robbery. ("Tom" is the name defendant goes by.) Davenport testified that when the three men returned from the gas station after the robbery, "Tom" threatened him and fired a shot from the shotgun he was carrying. Davenport stated that "Tom" had been living in a camper outside his apartment, but he couldn't positively identify defendnat as "Tom." Davenport stated he was afraid to testify against defendant.

■ Defendant also assigns as error the trial court's admission of the sister's testimony on the ground that her name had not been supplied to defense counsel

[1] "After hearing the appeal, the court shall give judgment, without regard to the decision of questions which were in the discretion of the court below or to technical errors, defects or exceptions which do not affect the substantial rights of the parties." ORS 138.230.

pursuant to the discovery statute, ORS 135.815(1). We cannot determine from the record whether there was a violation of the discovery statute, or why the trial court did not impose any sanction as provided by ORS 135.865. Under *State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977), we would ordinarily remand for further proceedings. However, this step would serve no useful purpose in this case due to the totally harmless nature of the sister's testimony.

Defendant lastly assigns as error the trial court's refusal to permit him to testify in response to the sister's and Halford's testimony in order to "explain" his telephone conversation. The order of proof in a jury trial is left to the sound discretion of the court. ORS 17.215. Defendant had already been given ample opportunity to explain the telephone conversation. The only reason he offers for permitting him to testify again was to enable him to reaffirm his previous denial that he told his sister he was "on the run." The trial court did not abuse its discretion.

Affirmed.