Argued and submitted November 12, 1982, reversed and remanded March 2, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# CARL L. BARR,
*Appellant.*

(C78-04-06270 (Control), C81-02-32278, C81-02-31279,
C81-03-31384 and C 81-06-32823; CA A24090 (Control),
A24091, A24092, A24093 and A24094)
(Cases Consolidated)

660 P2d 169

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Thornton, Senior Judge, and Van Hoomissen, Judge.

GILLETTE, P. J.

Van Hoomissen, J., concurring in part; dissenting in part.

## GILLETTE, P. J.

Defendant seeks reversal of three convictions for theft. In the alternative, he requests modification of the sentences imposed on those convictions, a conviction for failure to appear and a probation violation. He assigns as errors (1) the admission of evidence of a prior burglary conviction and an instruction referring to that conviction, (2) the admission of other "bad acts" evidence and (3) the imposition of five concurrent five-year sentences. We reverse.

At trial, the state introduced evidence that checks had been stolen from three separate businesses in the Portland metropolitan area between November 28, 1980, and January 5, 1981, and that, shortly after each theft, defendant had sold the stolen checks to police officer Bugarsky, who was posing as a "fence." The contacts between defendant and Bugarsky were arranged by an informant, Curlings, in exchange for a promise that the state would not seek prison sentences for charges pending against him.

Defendant testified on his own behalf to establish an entrapment defense. *See* ORS 161.275.[1] He claimed that Curlings approached him on November 28 and requested his aid in a stolen check sale. According to defendant, Curlings said that he needed the money for an operation for his child but could not negotiate the sale himself because he owed money to the fences. Curlings gave defendant the checks, which defendant sold to the police officer. Defendant then gave the proceeds of the sale to Curlings in return for a portion as payment for his services. Defendant testified that he had agreed to make the sale in part

---

[1] ORS 161.275 provides:

"(1) The commission of acts which would otherwise constitute an offense is not criminal if the actor engaged in the proscribed conduct because he was induced to do so by a law enforcement official, or by a person acting in cooperation with a law enforcement official, for the purpose of obtaining evidence to be used against the actor in a criminal prosecution.

"(2) As used in this section, 'induced' means that the actor did not contemplate and would not otherwise have engaged in the proscribed conduct. Merely affording the actor an opportunity to commit an offense does not constitute entrapment."

because he knew that Curlings' child was in poor health and in part because he needed money.

Before trial, defendant moved the court for an order excluding evidence of a number of defendant's prior convictions "for impeachment or for any other purpose at trial." The court granted the motion in part but ruled that evidence of a prior burglary conviction was admissible, because it was relevant to an assessment of defendant's credibility. The trial judge also indicated that he would admit certain other "bad acts" evidence. On cross-examination, the prosecution elicited from defendant admissions that he had been convicted of burglary in 1976,[2] that he had engaged in one other stolen check transaction a few days before to the events leading to the present theft charges and that he had left the state after his release on bail. Defendant was convicted; this appeal followed.

■ Defendant first assigns error to the admission of evidence of a prior burglary conviction for the purpose of impeaching his credibility as a witness. The trial judge did not err in admitting that evidence. OEC 609 provides, in pertinent part:

"(1) For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime * * * shall be admitted if elicited from the witness * * * but only if the crime * * * was [a felony] * * * and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant * * *."

The record discloses that the trial judge made the analysis mandated by Rule 609 and that his ruling was a reasonable one. We will not disturb it. *State v. Carden,* 58 Or App 655, 650 P2d 97, *rev den* 293 Or 653 (1982).

■ Defendant next assigns error to the trial court's instructing the jury that it could "also consider [defendant's burglary] conviction for its bearing upon whether the Defendant was predisposed to commit one or all of the

---

[2] There is some confusion about the date of defendant's prior burglary conviction. His motion *in limine* states that he was convicted in 1978. However, defendant gave an affirmative response to the prosecutor's question about a 1976 burglary conviction. The discrepancy in dates is not material to this decision.

[theft] offenses charged." We agree with defendant that the instruction was error.

There is a majority rule, in federal courts and elsewhere, that evidence of a defendant's other unlawful acts, similar to the crime for which he is on trial, are admissible to rebut a defense of entrapment. *See Sherman v. United States,* 356 US 369, 373, 78 S Ct 819, 2 L Ed 2d 848, 851 (1958); *Sorrells v. United States,* 287 US 435, 451, 53 S Ct 210, 77 L Ed 413, 422 (1932); 61 ALR3d 293, 301-305, 309-314 (1975). According to that rule, a defendant who seeks acquittal by reason of entrapment should not be permitted to complain about a "searching inquiry" into his own conduct and predisposition, insofar as they bear on the issue of entrapment. *Sorrells v. United States, supra.* Assuming that Oregon follows this evidentiary rule, for the reasons that follow we nonetheless conclude that the rule does not authorize general instructions, like the one complained of here, that permit a jury to find predisposition from *any,* rather than just similar or related, prior criminal conduct.

■ ■ As a general rule, the state may not offer evidence that a defendant has been convicted of crimes other than the crime for which he is charged. *State v. Manrique,* 271 Or 201, 531 P2d 239 (1975); *Youngblood v. Sullivan,* 52 Or App 173, 628 P2d 400, *rev den* 291 Or 368 (1981). This rule applies even when the crime charged and the past crimes are similar in nature. *Youngblood v. Sullivan, supra.* More specifically, we have held that "the state is not entitled to show [that] the defendant has a propensity to commit a crime because he has been involved in other criminal activity or that he probably committed the crime because he is a person of general bad character." *State v. Brooks,* 57 Or App 98, 643 P2d 1324, *rev den* 293 Or 373 (1982), *quoting State v. Hockings,* 29 Or App 139, 145, 562 P2d 587, *rev den* 279 Or 301 (1977). It follows from these principles that it is not proper for a trial court, even in a case involving the defense of entrapment, to tell a jury that evidence of previous criminal conduct dissimilar to the charge being tried, otherwise properly admitted for impeachment may also be used to determine "whether the Defendant was predisposed to commit * * * the offenses charged."

The question remains whether this error requires reversal. We conclude that it does. The instruction authorized a jury to consider a prior conviction for a purpose not authorized by law. In essence, it instructed the jury that "you may conclude that this man is a crook because he once was one." It is difficult to imagine how this instruction could *not* harm the defendant. The case must be remanded for a new trial on the theft charges.

Because the issues may arise on retrial, we consider certain of defendant's other assignments of error, one of which attacks the trial court's admission of other "bad acts" evidence. The "bad acts" were an earlier transaction similar to those for which defendant was tried and his flight from the state after his release on bail.[3] On cross-examination, the state elicited from defendant an admission that he had sold checks to Bugarsky on November 24, four days before the first theft for which he was charged. Before trial, the court dismissed charges resulting from the November 24 incident, because the theft victim could not be located. Nonetheless, the court concluded that evidence of that transaction was admissible to rebut defendant's entrapment defense. Defendant attacks its admission, arguing that the prejudicial effect of the evidence outweighs its probative value.

■   Defendant's testimony indicates that Curlings had told defendant about his sick baby on November 28; sympathy therefore could not have induced defendant to engage in the November 24 transaction. Evidence of the transaction is therefore relevant, *inter alia,* because it rebuts a portion of the entrapment defense by showing predisposition. *See Pulido v. United States* 425 F2d 1391 (9th Cir 1970).

■   Similarly, evidence that defendant fled the state after being released on bail was admissible as evidence of guilt. *State v. Brown,* 231 Or 297, 300, 372 P2d 779 (1962).

Defendant's convictions for theft are reversed and remanded for a new trial. His conviction for failure to

---

[3] Under this assignment of error, defendant again contests admission of the burglary conviction discussed above. Having already concluded that it was admissible for impeachment purposes, we see no need to consider it further.

appear, which is not affected by the trial court's error, is affirmed, but the case is remanded for resentencing in light of the fact that defendant's theft convictions have been remanded for a new trial. Defendant's probation revocation is remanded for reconsideration.

**VAN HOOMISSEN, J.,** concurring in part; dissenting in part.

It was error for the trial judge to instruct the jury that it could consider defendant's burglary conviction for its bearing on whether he was predisposed to commit theft. Nevertheless, I would affirm his theft convictions. The record contains substantial and convincing evidence of his guilt, and the error was very unlikely to have changed the result of the trial. *Chapman v. California,* 386 US 18, 87 S Ct 824, 17 L Ed 2d 705 (1967); *State v. Stockett,* 278 Or 637, 565 P2d 739 (1977); *State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973).

I agree with the majority disposition of defendant's other assignments of error.