834 P.2d 323

STATE of Idaho, Plaintiff–Respondent,

v.

Robert Allen FRIEDLEY, Defendant–Appellant.

No. 19257.

Court of Appeals of Idaho.

July 6, 1992.

Alan E. Trimming, Ada County Public Defender, Richard Toothman, Deputy Public Defender, Boise, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Joel D. Horton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

In a jury trial, Robert Allen Friedley was found guilty in March, 1991, of two counts of delivery of a controlled substance, marijuana. I.C. § 37–2732. The crimes were committed in May, 1980. Over Friedley's objection, the district court allowed the jury to hear evidence that Friedley had twice failed to appear at prior court proceedings in the case. Friedley contends that the admission of this evidence unfairly prejudiced his trial. He also challenges the sufficiency of the evidence to sustain his convictions. We affirm for the following reasons.

Friedley was initially arrested on May 28, 1980, and charged with delivery of approximately one pound of marijuana on May 16, 1980, and delivery of approximately eight and one-half pounds of marijuana on May 28.

On June 5, 1980, Friedley failed to appear for his arraignment. He was arrested under a bench warrant later that year. A jury trial was scheduled for May 28, 1981, but Friedley failed to appear for that trial. In 1990, Friedley was arrested again on another bench warrant. The trial was finally held on March 11 and 12, 1991.

Prior to the impaneling of the jury, Friedley requested that the court exclude any evidence regarding his two failures to appear. The court denied Friedley's request. After the denial, but having preserved the issue for appeal, defense counsel agreed to the entry of four stipulations with the prosecutor. The stipulations provided that Friedley did not appear at his arraignment, that he was rearrested approximately five and one-half months later, that he failed to appear for his 1981 jury trial, and that he was rearrested approximately nine years later. The jury was told these stipulated facts.

■ The standard we utilize in reviewing a decision to admit or disallow evidence is whether or not the district court clearly abused its discretion. *State v. Crea*, 119 Idaho 352, 806 P.2d 445 (1991). However, while such rulings are considered to be discretionary, the discretion is restricted by rules of evidence and by case law. The

district court decided to allow the evidence of Friedley's two failures to appear because it was relevant to show a guilty conscience or knowledge. The court reasoned that there was no indication that he had failed to appear for any other reason. In its decision, the court relied on *State v. Cootz*, 110 Idaho 807, 718 P.2d 1245 (Ct. App.1986).

In *Cootz*, the defendant committed the crimes at issue on appeal while he was on parole. Prior to trial, Cootz was incarcerated again, but he escaped from the penitentiary. The trial court admitted evidence of his escape from a "confinement facility." This Court first noted that, "[e]scape or flight is one of the exceptions to the general rule prohibiting evidence of other crimes." *Id.* at 814, 718 P.2d at 1252 (citing *State v. Hargraves*, 62 Idaho 8, 107 P.2d 854 (1940)). We noted that such evidence is admissible as indicating knowledge of guilt. *Id.* (*citing State v. Jeffers*, 135 Ariz. 404, 661 P.2d 1105 (1983), *cert. denied*, 464 U.S. 865, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983)); *see also* I.R.E. 404(b). However, we held that the limited probative value of the escape evidence was outweighed by the unfair prejudicial effect in light of Cootz's other potential motive to escape, namely, avoiding the remaining twelve years of his existing sentence. *See* I.R.E. 403 (relevant evidence may be excluded if probative value is substantially outweighed by danger of unfair prejudice). This was especially true where the jury was not informed of the other possible motive for Cootz's escape because it knew only that he had escaped from a "confinement facility." *Cootz*, 110 Idaho at 815, 718 P.2d at 1253.

In this case, the district court concluded that there was no other inference that could be drawn from Friedley's failures to appear other than consciousness of guilt. At the time the court made its ruling upon the admissibility of the evidence, prior to trial, Friedley offered no explanation for his failures to appear, but he intimated that the admission would be unduly prejudicial. At trial, Friedley testified that he had been told by the Idaho Bureau of Narcotics in-

vestigator who arrested him not to appear at his arraignment and subsequent trial. This explanation for his failures to appear was consistent with Friedley's claim that he participated in the two drug deliveries upon the instruction of the inspector in order to avoid being charged with car theft.

In his brief, Friedley admits that his flight from his 1981 jury trial date is relevant to show his consciousness of guilt, but nevertheless he contends the evidence should have been excluded. He argues that admitting the evidence effectively instructed the jury to find him guilty. We disagree. Friedley has pointed to no *unfair* prejudice resulting from the admission of this evidence. Relevant evidence is generally admissible under I.R.E. 402. Evidence of prior bad acts is admissible to show knowledge or consciousness of guilt pursuant to I.R.E. 404(b). Furthermore, Friedley has failed to demonstrate any unfair prejudice that would trigger the exclusionary provision of I.R.E. 403. We hold that the district court did not clearly abuse its discretion in admitting the evidence of Friedley's failures to appear. This holding is in accord with many cases from other jurisdictions, cited by the state. *See, e.g.,* *Lipscomb v. State,* 700 P.2d 1298, 1308–09 (Alaska Ct.App.1985); *Honeycutt v. State,* 754 P.2d 557, 561 (Okla.Crim.App.1988); *State v. Barr,* 62 Or.App. 46, 660 P.2d 169, 172 (1983); *State v. Hebert,* 33 Wash.App. 512, 656 P.2d 1106, 1108 (1982).

We now turn to Friedley's contention that the guilty verdict is not supported by the evidence. Friedley contends that the jury should have accepted his version of the events rather than the state's version. We must review the record to determine if substantial competent evidence exists to support the guilty verdict. *State v. Warden,* 97 Idaho 752, 554 P.2d 684 (1976). If so, we will not reverse the conviction. *Id.*

The state presented three witnesses who testified to the following facts. On May 16, 1980, Friedley and another man sold plant material which was represented to be marijuana weighing approximately one pound to an undercover investigator. This material was subsequently identified in laboratory tests as marijuana. At the time of this sale, Friedley represented the specific origin of this marijuana and discussed future transactions. On May 27, 1980, before the second delivery, Friedley and the other man met with the investigator to further discuss future marijuana transactions. On May 28, 1980, Friedley and the other man delivered approximately eight and one-half pounds of plant material to the investigator which was represented to be and later was identified as marijuana.

Friedley's version of the facts is that he acted as a confidential informant in the marijuana transactions to avoid prosecution for theft. He also testified that he failed to appear at his arraignment and first trial date upon instruction from the investigator. The investigator denied Friedley's testimony.

Friedley's argument on this issue urges us to substitute Friedley's version of the facts in place of the state's version which was accepted by the jury. Such a result, however, would violate the well-established principles that an appellate court cannot substitute its views for those determined by a jury as to issues of credibility, weight of the testimony, and reasonable inferences stemming from the evidence. *State v. Robran,* 119 Idaho 285, 805 P.2d 491 (Ct.App. 1991). Friedley has failed to demonstrate that his convictions are not supported by substantial and competent evidence.

We affirm the convictions on both counts of delivery of a controlled substance.

WALTERS, C.J., and SILAK, J., concur.