Argued and submitted February 21, reversed and remanded April 25, 2001

## STATE OF OREGON,
*Appellant,*

*v.*

## DERRICK W. MINCHUE,
*Respondent.*

(98-1245; CA A108461)

24 P3d 386

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

David C. Degner, Deputy Public Defender, argued the cause for respondent. With him on the brief was David E. Groom, Public Defender.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

In this prosecution of defendant for unlawful sexual penetration in the first degree, ORS 163.411, and sexual abuse in the first degree, ORS 163.427, the state appeals from an order suppressing evidence that defendant fled from police officers who were attempting to apprehend him. We reverse and remand for further proceedings.

For purposes of the issues presented on appeal, the facts are undisputed. Defendant is a 17-year-old boy who, at the relevant time, was on probation under the supervision of the Columbia County Juvenile Department. He was living with his parents. A neighbor told defendant's parents that defendant had improperly touched her 7-year-old daughter and had forced the girl to smoke marijuana. When his parents confronted defendant with the accusations, he became upset and left the house. The matter was reported to the police. The next day, while driving in a patrol car, Vernonia Police Chief Walters saw defendant walking. He got out of his car and motioned to defendant to come to him. When defendant walked over, Walters told defendant that he had to take him into custody. Defendant ran, and when Walters caught up with him, defendant told Walters that he ran because he did not want to go to jail.

Defendant was charged in a three-count indictment with unlawful sexual penetration in the first degree, ORS 163.411; sexual abuse in the first degree, ORS 163.427; and escape in the third degree, ORS 162.145. Defendant moved to sever the escape charge from the other charges, and the trial court granted the motion in a written order, explaining, in part:

> "The Court also finds that joinder of the escape charge with the two sex charges to be prejudicial to the Defendant as it is not improbable that a jury could find that running from the police officers might be evidence of flight and used as an indication of guilt in the sex cases. Based on the circumstances outlined by Chief Walters, the Court is unable to say this was definitely an act of flight after having allegedly committed counts 1 and 2 and, as such, the Court believes the Defendant could be unfairly prejudiced by failing to sever count 3 from counts 1 and 2."

After the trial court's decision to sever the escape charge, the state filed a motion *in limine* on the remaining charges, seeking a ruling on the admissibility of evidence of defendant's flight. The trial court's order, attached to the state's motion, recited simply:

"IT IS HEREBY ORDERED that evidence of flight of defendant in the trial of Counts 1 and/or 2 is:

"_____ Admissible

"[judge's initials] Suppressed."

The trial court provided no separate written or oral findings.

On appeal, the state assigns error to the trial court's suppression of the evidence of defendant's flight from Walters. The state notes that the trial court offered no explanation for its ruling, but implicit in its ruling is a decision that either (1) the evidence was not relevant, or (2) if relevant, the evidence was unfairly prejudicial. In either case, the state argues, the trial court erred. Defendant argues that the trial court did not err, because, although the evidence of his flight was relevant, it was unduly prejudicial. According to defendant, the record did not clearly establish *why* defendant ran, that is, whether he ran because he knew Walters was going to arrest him for what he did to the neighbor's child or because he thought Walters was going to arrest him for something related to his probation. Defendant observes that the court referred to precisely that problem in granting the motion to sever and that that may have been the reason that the court denied the state's motion *in limine*.

We review a trial court's ruling as to the relevance of the evidence for errors of law, *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999), and a ruling that the evidence was unfairly prejudicial for abuse of discretion, *State v. Moore*, 324 Or 396, 927 P2d 1073 (1996); *DeRosa v. Kolb*, 90 Or App 548, 752 P2d 1282, *rev den* 306 Or 101 (1988), unless only one legally correct outcome exists. *See State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000); *State v. Wilhelm*, 168 Or App 489, 3 P3d 715 (2000). "If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *Rogers*, 330 Or at 312.

Oregon courts have long held that evidence of flight is relevant as circumstantial evidence of guilty knowledge, which is some evidence of guilt. *State v. Brown*, 231 Or 297, 300, 372 P2d 779 (1962); *State v. Henderson*, 182 Or 147, 184 P2d 392, 186 P2d 519 (1947); *State v. Barr*, 62 Or App 46, 660 P2d 169 (1983); *State v. Burns*, 30 Or App 1157, 1160, 569 P2d 671 (1977); *State v. Redeman*, 9 Or App 329, 334, 496 P2d 230 (1972); *State v. Tucker*, 5 Or App 283, 288, 483 P2d 825 (1971); *State v. McIntire*, 2 Or App 429, 436, 468 P2d 536 (1970). It is for that purpose that the state offers the evidence of defendant's flight from the police officers. Thus, to the extent that the trial court based its ruling on the relevancy of the evidence, it erred.

We turn to whether the evidence was unfairly prejudicial. In *State v. Johns*, 301 Or 535, 549-50, 725 P2d 312 (1986), the Supreme Court explained:

> "Even if the evidence is relevant for some purpose * * * the trial judge's task is not completed. The judge still must decide whether to admit the evidence *and must articulate reasons for that decision on the record.*"

(Emphasis added.) In this case, the trial court did not articulate any reasons for suppression. The trial court therefore erred in suppressing the evidence of defendant's flight. It could be, as defendant suggests, that the trial court was motivated to suppress the evidence for reasons similar to those articulated in support of the decision to sever. But that is a matter of speculation.

Reversed and remanded.