Argued and submitted October 7; convictions on Counts 3 and 4 reversed and remanded, remanded for resentencing, otherwise affirmed November 17, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHARLES ANTHONY MOTT, JR.,
aka Charles Mott, aka Charles A. Mott,
aka Charles Anthony Mott,
*Defendant-Appellant.*

Jackson County Circuit Court
19CR39798; A173631

500 P3d 92

Laura A. Cromwell, Judge.

Laura A. Frikert, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Convictions on Counts 3 and 4 reversed and remanded; remanded for resentencing; otherwise affirmed.

## PER CURIAM

After being arrested by a SWAT team, defendant was charged with and found guilty of felony fourth-degree assault constituting domestic violence, ORS 163.160 (Count 2); strangulation constituting domestic violence, ORS 163.187 (Count 3); unlawful use of a weapon, ORS 166.220 (Count 4); menacing constituting domestic violence, ORS 163.190 (Count 5); and interfering with making a report, ORS 165.572 (Count 6). On appeal, he argues that the trial court erred by instructing the jury that it could return a nonunanimous verdict and by receiving nonunanimous verdicts on Counts 3 and 4. He also argues that the court erred by admitting evidence of his lack of cooperation with police and of the SWAT team and tear gas deployment that preceded his arrest.

With regard to defendant's arguments concerning jury unanimity, we agree that his convictions on Counts 3 and 4 by nonunanimous verdicts must be reversed and remanded in light of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). However, because the jury reached unanimous verdicts on the remaining counts, any error in instructing the jury regarding unanimity was harmless beyond a reasonable doubt and is not a basis for reversal of those convictions. *See State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020) (holding that, as to unanimous guilty verdicts, "the trial court's instruction to the jury that it could return a nonunanimous verdict did not amount to a structural error and was harmless beyond a reasonable doubt").

As for defendant's evidentiary challenges, "Oregon courts have long held that evidence of flight is relevant as circumstantial evidence of guilty knowledge, which is some evidence of guilt." *State v. Minchue*, 173 Or App 520, 524, 24 P3d 386 (2001); *see, e.g.*, *State v. Brown*, 231 Or 297, 300, 372 P2d 779 (1962) ("The purpose of the evidence adduced by the state was to show, after the commission of the crime, flight, concealment, and use of a false name. These facts, if established, are admissible as evidence of a guilty conscience, which is some evidence of guilt."); *State v. Brown*, 300 Or App 192, 200, 452 P3d 482 (2019), *rev'd on other grounds*,

367 Or 220, 475 P3d 93 (2020) ("The nature and extent of the actions that defendant took to avoid capture bore on the extent to which the jury could infer his guilty knowledge."). In light of that body of case law, we cannot say that the trial court erred in concluding that evidence of defendant's efforts to avoid arrest and of the law enforcement response was relevant, nor can we say that the court abused its discretion in concluding that the probative value of the evidence was not substantially outweighed by the risk of unfair prejudice.

Convictions on Counts 3 and 4 reversed and remanded; remanded for resentencing; otherwise affirmed.