**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50938**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 31, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) |
| RYAN SCOTT McCABE, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthon, District Judge.

Judgment of conviction for aggravated battery with a deadly weapon and persistent violator enhancement, <u>affirmed</u>.

Silvey Law Office Ltd; Greg S. Silvey, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Ryan Scott McCabe appeals from his judgment of conviction for aggravated battery with a deadly weapon and persistent violator enhancement. McCabe contends that the district court erred by admitting evidence of flight as consciousness of guilt. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

McCabe was charged with aggravated battery with a deadly weapon, Idaho Code §§ 18-903(a), 18-907(1)(b), 19-2520, and a persistent violator enhancement, I.C. § 19-2514. The charges stem from an altercation in July 2022 between McCabe and Solomon Christensen. McCabe used a knife to inflict approximately fifteen stab wounds across Christensen's neck, back, and arms. An acquaintance and witness, Joseph King, broke up the fight, threw the knife over a nearby fence, and called 911. McCabe fled the scene on foot. Officers obtained data from McCabe's cell phone.

1

Officers tracked McCabe's cell phone location, which showed that McCabe stayed in the area of the fight for a short time. McCabe's phone then moved to another location in Boise before traveling to the Buhl area. In October 2022, after an arrest warrant was issued, officers received information that McCabe was in California and McCabe was arrested and extradited to Idaho.

The State filed a motion in limine and notice of intent to introduce evidence, pursuant to Idaho Rule of Evidence 404(b), of McCabe's flight as evidence of consciousness of guilt. Over McCabe's objection, the district court granted the State's motion. The jury found McCabe guilty of aggravated battery with a deadly weapon and being a persistent violator. McCabe appeals.

## II.

## ANALYSIS

McCabe contends that the district court erred in allowing evidence of his flight as consciousness of guilt. Specifically, McCabe, while acknowledging current caselaw, argues that flight that does not involve fleeing from a court proceeding or a police interview is not relevant or admissible for purposes of showing consciousness of guilt.

Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *State v. Garcia*, 166 Idaho 661, 670, 462 P.3d 1125, 1134 (2020). Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). There is no requirement that evidence be relevant only to a disputed issue under I.R.E. 401, only that evidence be probative and material to be admissible. I.R.E. 401; *Garcia*, 166 Idaho at 671, 462 P.3d at 1135. However, even relevant evidence can be excluded if it is unfairly prejudicial. For example, pursuant to I.R.E. 404, evidence of other crimes or wrongs may be relevant but cannot be admitted for the purpose of showing a defendant's propensity for criminal behavior. Nonetheless, evidence of other crimes or wrongs may be admissible if the prosecution provides notice, and the evidence is relevant to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." I.R.E. 404(b).

A trial court engages in a two-tiered analysis to determine the admissibility of I.R.E. 404(b) evidence. *State v. Fox*, 170 Idaho 846, 861, 517 P.3d 107, 122 (2022). The first tier concerns the relevancy of the evidence at issue. *Id.* The trial court "must determine whether there is sufficient evidence to establish the other crime or wrong as fact" and "whether the evidence

of the other act would be relevant to a material and disputed issue concerning the crime charged, other than propensity." *Id.* The first tier is reviewed de novo. *Id.*

The second tier requires the trial court to perform a balancing test pursuant to I.R.E. 403. *Id.* Under this balancing test, the evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *Id.* The second tier is reviewed for an abuse of discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

In *State v. Kimbley*, 173 Idaho 149, 539 P.3d 969 (2023), the Idaho Supreme Court addressed flight as consciousness of guilt under I.R.E. 404(b):

> While Idaho Rule of Evidence 404(b) generally prohibits evidence of a defendant's other crimes or acts, such evidence is admissible to prove a defendant's "consciousness of guilt." *State v. Sheahan*, 139 Idaho 267, 279, 77 P.3d 956, 968 (2003). Moreover, this Court has previously recognized that a defendant's flight from prosecution can evidence a consciousness of guilt. *See State v. Moore*, 131 Idaho 814, 819, 965 P.2d 174, 179 (1998). For a defendant's departure to constitute a flight from prosecution, "'there must be other circumstances present and unexplained which, together with the departure, reasonably justify an inference that it was done with a consciousness of guilt and in an effort to avoid apprehension or prosecution based on that guilt.'" *Id.* (internal quotation marks and citation omitted).

*Kimbley*, 173 Idaho at 158, 539 P.3d at 978. The existence of alternative reasons for the escape or flight goes to the weight of the evidence and not to its relevance or admissibility. *Id.* at 159, 539 P.3d at 979.

The evidence established that McCabe, Christensen, and King worked together at Sweet Septic, based in Gooding. In July of 2022, they were assigned to a job in the Boise area. The three traveled together in King's truck from Gooding to Boise. At their hotel in Boise, McCabe and Christensen got into a verbal altercation and then engaged in a mutual fight. McCabe said, "die mother fucker die" to Christensen and stabbed him multiple times. McCabe fled the scene.

An officer received a search warrant for McCabe's phone records and location records from McCabe's cell phone service provider. McCabe's phone stayed near the crime scene for a short time and then was tracked to another area in Boise for several hours. The phone then traveled

to the Buhl area. Officers had two short phone conversations with McCabe during that time. Months later, McCabe was located and arrested in and extradited from California.

Prior to trial, the State filed a motion seeking to introduce evidence of McCabe's flight from the scene based on the phone records and McCabe's movement to California. The district court conducted an I.R.E. 404(b) analysis and concluded that McCabe's flight was relevant to show consciousness of guilt and that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. The district court recognized McCabe's analysis of case law and argument that flight must be from criminal proceedings or police interviews but stated that it did not read the cases so narrowly. The district court stated that the cases surrounding consciousness of guilt relate to flight which suggests an attempt to evade justice. The district court also noted McCabe's argument as to alternative reasons for his travels but held that such evidence goes to the weight of the evidence not admissibility.[1]

McCabe relies on *State v. Moore*, 131 Idaho 814, 965 P.2d 174 (1998); *State v. Rossignol*, 147 Idaho 818, 215 P.3d 538 (Ct. App. 2009); *State v. Friedley*, 122 Idaho 321, 834 P.2d 323 (Ct. App. 1992); and *Kimbley* to show that each case involved flight to avoid a criminal proceeding or police interview. While the circumstances of those cases may relate to a scheduled criminal proceeding or law enforcement interview, they do not stand for the proposition that flight as evidence of consciousness of guilt is limited to those situations. In *Kimbley*, the Idaho Supreme Court noted that evidence of flight may relate to circumstances of avoidance of apprehension or prosecution. *Kimbley*, 173 Idaho at 158, 539 P.3d at 978. Similarly, in *State v. Passons*, 158 Idaho 286, 292, 346 P.3d 303, 309 (Ct. App. 2015), this Court held that flight from officers in active pursuit following commission of a crime could reasonably be seen as an attempt to avoid prosecution and was admissible to establish a consciousness of guilt.

McCabe's stabbing of Christensen put him at risk of prosecution. His flight from the scene, his flight from the Boise area despite having an ongoing work project, and his flight from Idaho after being contacted by an officer, could reasonably be seen as an attempt to avoid apprehension or prosecution. The district court did not err in granting the State's motion in limine and allowing admission of evidence of McCabe's flight as evidence of consciousness of guilt.

---

[1]     On appeal, McCabe acknowledges that alternative reasons for his flight bear on the weight of the evidence of flight, not admissibility.

**III.**

**CONCLUSION**

McCabe fails to demonstrate error in the district court's ruling allowing the evidence of flight as consciousness of guilt. Therefore, McCabe's judgment of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.