196 January 2, 2025 No. 2

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ROSS McCALL EDWARDS,
*Defendant-Appellant.*

Tillamook County Circuit Court
19CR74025; A177970

Jonathan R. Hill, Judge.

Submitted February 26, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Reversed.

**ORTEGA, P. J.**

Defendant appeals a judgment of conviction for one count of escape in the third degree, ORS 162.145. He assigns error to the trial court's denial of his motion for judgment of acquittal (MJOA), arguing that the officer lacked probable cause to legally arrest him as necessary to support an escape conviction under ORS 162.145(2). We conclude that the state did not offer sufficient evidence to demonstrate that the officer had probable cause to arrest defendant and, thus, the trial court erred in denying his motion. Accordingly, we reverse.

We review a trial court's denial of an MJOA to determine whether, viewing the evidence in the light most favorable to the state and accepting reasonable inferences and credibility determinations, a rational factfinder could have found the elements of the crime beyond a reasonable doubt. *State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995). The underlying facts forming the basis of the escape charge are as follows.

Dispatch informed Deputy Berger that a named complainant had called to report a disturbance with a weapon and provided the first name of the suspect and his physical description. Upon arriving at the scene, Berger observed defendant, who fit the report's description of the suspect. Berger left his truck, approached on foot, and asked defendant if his name was the name on the report. Defendant responded, "Am I being detained?" Berger answered that he was and asked for identification. In response, defendant yelled a profanity and fled, and did not stop when Berger yelled for him to stop because he was under arrest. Berger subsequently pursued defendant on foot and ultimately put him in custody.

A person commits escape in the third-degree when "the person escapes from custody." ORS 162.145(1). It is a defense to a prosecution under ORS 162.145 if "the person escaping or attempting to escape was in custody pursuant to an illegal arrest." ORS 162.145(2). As relevant here, custody is "the imposition of actual or constructive restraint by a peace officer pursuant to an arrest ***." ORS 162.135(4)

(2018), *amended by* Or Laws 2019, ch 213, § 39. To be valid, a warrantless arrest must be supported by probable cause. ORS 133.310(1) (2016), *amended by* Or Laws 2021, ch 326, § 3. Defendant moved for a judgment of acquittal, arguing that Berger lacked probable cause to arrest him for menacing at the time he fled.

To have probable cause to support a legal arrest, an officer must have "a substantial objective basis for believing that more likely than not an offense has been committed and a person to be arrested has committed it." ORS 131.005(11). This court evaluates whether, under the totality of the circumstances, the officer subjectively believed that a crime has been committed and that belief was objectively reasonable. *State v. Vasquez-Villagomez*, 346 Or 12, 23, 203 P3d 193 (2009). As relevant here, a person commits the crime of menacing when, by word or conduct, they "intentionally attempt[] to place another person in fear of imminent serious physical injury." ORS 163.190 (1971), *amended by* Or Laws 2021, ch 581, § 2.

Here, under the totality of the circumstances and viewing the evidence in the light most favorable to the state, the state did not demonstrate that Berger had probable cause to arrest defendant for menacing.[1] Berger approached and detained defendant because he matched the physical description provided by dispatch for a "disturbance with a weapon." Arrests based only on descriptions that fit large segments of the population, like the one here—the complainant described the suspect as being medium build, with red hair, wearing a white t-shirt and jeans—may not be supported by probable cause. *See Vasquez-Villagomez*, 346 Or at 25. Here, at the point that he told defendant he was detained, Berger had not yet confirmed that defendant's first name matched the name from the report, nor did Berger observe that defendant had a weapon.

---

[1] The state raises for the first time on appeal the argument that the facts were sufficient to establish probable cause to arrest defendant for interfering with a peace officer, ORS 162.247(1)(b) (2005), *amended by* Or Laws 2021, ch 254, § 1, relying on defendant yelling a profanity and running away after Berger told him he was being detained and asked for identification. Had this theory of probable cause been raised below, perhaps we would have a different record before us. On this record, the state did not establish probable cause for either crime.

The state argues that defendant's question to Berger during their initial contact ("Am I being detained?") elevated the likelihood that defendant committed the crime being investigated and contributed to establishing probable cause. We disagree. A person's assertion of their constitutionally protected rights cannot be considered in the probable cause inquiry. *State v. Medinger*, 235 Or App 88, 94, 230 P3d 76 (2010) (citing *State v. Gressel*, 276 Or 333, 339, 554 P2d 1014 (1976)); *see also State v. Brown*, 110 Or App 604, 610-11, 825 P2d 282 (1992). Thus, defendant's question of whether or not he was being detained does not affect the probable cause analysis.

The state further argues that, taken together with defendant's question to the officer, defendant's flight was sufficient to establish probable cause that defendant had committed the crime of menacing. We are not persuaded. While we have held that "evidence of flight is relevant as circumstantial evidence of guilty knowledge, which is some evidence of guilt," *e.g.*, *State v. Minchue*, 173 Or App 520, 524, 24 P3d 386 (2001), the fact that defendant fled does not support a reasonable inference by Berger at the time of the arrest that defendant believed that he was guilty of the crime of menacing because defendant's flight does not provide any information about the nature of the reported disturbance. Further, Berger's questioning of defendant did not elevate the likelihood that defendant committed the crime of menacing such that Berger could establish probable cause because Berger had asked only about defendant's name and not whether he was involved in the reported disturbance with a weapon.

In the alternative, and for the first time on appeal, the state argues that Berger had probable cause to arrest for interfering with a peace officer under ORS 162.247(1)(b) (2005), *amended by* Or Laws 2021, ch 254, § 1.[2] In his

---

[2] At the time of the events at issue in November 2019, ORS 162.247(1)(b) provided:

"A person commits the crime of interfering with a peace officer or parole and probation officer if the person, knowing that another person is a peace officer or a parole and probation officer as defined in ORS 181A.355:

"* * * * *

"(b) Refuses to obey a lawful order by the peace officer or parole and probation officer."

testimony, Berger did not expressly identify the crime for which he was arresting defendant. Because of this, the state argues that there is a reasonable inference that Berger viewed the flight itself as a crime, giving rise to probable cause to arrest. We disagree. Berger's testimony does not support a reasonable inference that Berger was arresting defendant for any reason other than as the suspect for the reported disturbance.

We conclude that the state failed to adduce sufficient evidence to prove that Berger had probable cause to arrest defendant. Therefore, defendant was in custody pursuant to an illegal arrest, ORS 162.145(2), and the state failed to meet its burden of disproving that defense beyond a reasonable doubt. ORS 161.055(1) ("When a 'defense,' other than an 'affirmative defense' as defined in subsection (2) of this section, is raised at a trial, the state has the burden of disproving the defense beyond a reasonable doubt."). Accordingly, the trial court erred in denying the MJOA.

Reversed.