292                November 26, 2025        No. 1032

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DUSTIN JEFFREY SHANNON,
*Defendant-Appellant*

Lane County Circuit Court
21CR55732; A180149

Stephen W. Morgan, Judge.

Submitted January 21, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and O'Connor, Judge.*

O'CONNOR, J.

Affirmed.

_____
 * O'Connor, Judge vice Mooney, Senior Judge

**O'CONNOR, J.**

Defendant appeals a judgment of conviction for unlawful use of a vehicle (UUV), ORS 164.135.[1] In defendant's only assignment of error, he challenges the trial court's denial of his motion to suppress. He argues that officers lacked reasonable suspicion to stop him and probable cause to arrest him, in violation of Article I, section 9, of the Oregon Constitution,[2] and that the evidence derived from the stop and arrest should have been suppressed in his jury trial.[3] We conclude that the trial court did not err, because the officers had reasonable suspicion to stop defendant and probable cause to arrest him for UUV under ORS 164.135(1)(b). Accordingly, we affirm.

"We review the denial of a motion to suppress for legal error, deferring to the trial court's findings of historical fact to the extent there is constitutionally sufficient evidence in the record to support them." *State v. Brown*, 318 Or App 713, 715, 508 P3d 45 (2022) (citing *State v. Maciel-Figueroa*, 361 Or 163, 165-66, 389 P3d 1121 (2017)). We "assume that the trial court decided historical facts necessary to its legal conclusions in a manner consistent with those conclusions." *State v. Reyes-Herrera*, 369 Or 54, 61, 500 P3d 1 (2021).

*Reasonable Suspicion*. Here, the state argues that the officers had reasonable suspicion of multiple offenses, including "passenger" UUV. A person commits that offense if:

---

[1] ORS 164.135 provides that:

"(1)  A person commits the crime of unauthorized use of a vehicle when:
"* * * * *

"(b)(A)  The person knowingly rides in another's vehicle, boat or aircraft;

"(B)  The person knows that the owner of the vehicle, boat or aircraft does not consent to the person's riding in the vehicle, boat or aircraft; and

"(C)  The owner or an authorized user of the vehicle, boat or aircraft did not consent to the person's riding in the vehicle, boat or aircraft[.]"

[2] That section provides that "No law shall violate the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search, or seizure[.]" Or Const, Art I, § 9.

[3] On appeal, defendant does not challenge the justification for the seizures under the United States Constitution, and we analyze them only under the Oregon Constitution.

"(b)(A)   The person knowingly rides in another's vehicle, boat or aircraft;

"(B)   The person knows that the owner of the vehicle, boat or aircraft does not consent to the person's riding in the vehicle, boat or aircraft; and

"(C)   The owner or an authorized user of the vehicle, boat or aircraft did not consent to the person's riding in the vehicle, boat or aircraft[.]"

ORS 164.135(1)(b). Defendant argues that police did not have reasonable suspicion that defendant knew the car in which he was riding was stolen when they stopped him.

Under Article I, section 9, a "stop" is "the kind of seizure of a person that is a temporary detention for investigatory purposes[.]" *Maciel-Figueroa*, 361 Or at 169-70. "For police officers to make a stop, they must reasonably suspect—based on specific and articulable facts—that the person committed a specific crime or type of crime * * *." *Id.* at 182. An officer must suspect that the person committed a crime, and the officer's subjective belief must be "objectively reasonable under the totality of the circumstances existing at the time of the stop." *Id.*

Under the totality of the circumstances in this case, we conclude that officers had reasonable suspicion to stop defendant when they yelled at defendant to stop and defendant complied. The officers who stopped defendant held a subjective suspicion that defendant had committed the crimes of UUV, reckless driving, and eluding police on foot and in a car because of their own observations and observations reported to them by other officers. The circumstances known to the officers permitted a reasonable inference that defendant had committed UUV under ORS 164.135(1)(b) because the officers reasonably suspected that the owner did not consent and that defendant rode in the car knowing that the owner did not consent. *See State v. J. L. R.*, 290 Or App 827, 833, 417 P3d 422, *rev den*, 363 Or 481 (2018) (explaining that the collective knowledge doctrine permits an officer to rely on information from other officers when determining reasonable suspicion for a stop).

We reject defendant's contention that *Brown* requires a different conclusion. In this case, the officers observed more than in *Brown*, and those observations objectively supported the officers' subjective belief that defendant had committed UUV. The officers had confirmed that the car was stolen. The physical condition of the car provided reason to suspect that someone had broken into it because the car had a broken back window. The driver and the passenger failed to exit the car when ordered to by an officer, the driver of the car attempted to flee from an officer driving a marked police car by, among other things, driving at high speeds and driving through a fence gate, and when the car was disabled, defendant fled officers on foot. The officers thus reasonably suspected that defendant had committed UUV when they stopped him in the parking lot.

*Probable Cause.* Defendant further argues that the officers lacked probable cause to arrest him for UUV. Specifically, defendant argues that the officers did not have an objectively reasonable basis to conclude that defendant knew that the owner did not consent to the driver's use of the car or to defendant's riding in the car.

The officers arrested defendant when, after stopping him, they placed him in handcuffs, patted him down for weapons, and continued to detain him in handcuffs after any officer safety concerns dissipated. *See State v. Hebrard*, 244 Or App 593, 598, 260 P3d 759 (2011) (A "stop is converted into an arrest if the officer continues to use force to restrain the person after the officer's safety concerns have dissipated." (Citing *State v. Medinger*, 235 Or App 88, 93, 230 P3d 76 (2010); and, *State v. Morgan*, 106 Or App 138, 141-42, 806 P2d 713, *rev den*, 312 Or 235 (1991).)). An arrest is a type of seizure that must be supported by probable cause under Article I, section 9.

Probable cause requires "a substantial objective basis for believing that, more likely than not, an offense has been committed and the person to be arrested had committed it." *State v. Rayburn*, 246 Or App 486, 490, 266 P3d 156 (2011), *rev den*, 351 Or 675 (2012). A court examines the totality of the circumstances, including the officer's training

and experience, when determining whether an officer has probable cause to arrest. *Id*.

At the time of defendant's arrest, the circumstances known to the officers who arrested him permitted the officers to infer that, more likely than not, defendant knew that he did not have the consent of the car's owner to ride in the vehicle.

The officers could infer that the driver and passenger—who they determined to be defendant—probably knew that the owner did not consent to their use of the car. The back window was broken out, indicating a break-in. The driver's reckless and evasive driving when officers attempted to stop the car permitted an inference that the driver had a guilty conscience, and it is a reasonable inference that the passenger probably knew that the driver was evading the police because they lacked the owner's consent to use the car. *State v. Raney*, 331 Or App 693, 705-06, 547 P3d 172 (2024); *State v. Minchue*, 173 Or App 520, 524, 24 P3d 386 (2001). The driver and the passenger fled from officers when stopped, which also permits an inference that they both knew they lacked the owner's consent. *Id*. That is not the only reasonable inference—people might flee the police for other reasons—but on this record it is one reasonable inference that follows more likely than not. Thus, based on the totality of these circumstances, the officers had an objective basis for believing that defendant had more likely than not been involved in the crime of UUV. Accordingly, the trial court correctly denied defendant's motion to suppress.

Affirmed.