# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51553

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DUSTYN KEITH VAUGHN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: April 30, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County. Hon. Theodore Fleming, District Judge.

Judgment of conviction for assault on a law enforcement officer and resisting and obstructing an officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Chief Judge

Dustyn Keith Vaughn appeals from his judgment of conviction for assault on a law enforcement officer and resisting and obstructing an officer. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Vaughn was charged with assault on a law enforcement officer (Idaho Code § 18-915(2)(b)) and resisting and obstructing an officer (I.C. § 18-705), following an encounter with parole officers at his property. For the assault charge, the State alleged Vaughn felt for his pockets, refused to follow commands to stop, and then charged aggressively at his parole officer, Officer Gibson. For the resisting and obstructing charge, the State alleged Vaughn refused to follow the commands of two parole officers, including Officer Gibson.

1

Before trial, the State filed a notice of intent to produce evidence under Idaho Rule of Evidence 404(b). The State sought to introduce evidence, in part, that: (1) Vaughn was under parole supervision for a domestic violence conviction; and (2) Officer Gibson went to Vaughn's property to arrest him. At the hearing on the State's notice, Vaughn did not object to evidence that he was on parole, that he knew Officer Gibson as Vaughn's parole officer, that Vaughn was noncompliant with the terms of his parole, or that he was specifically noncompliant for "moving [without permission]." Vaughn objected to evidence regarding any other alleged parole violations. The district court excluded admission at trial of any reference to Vaughn being on parole for a domestic violence conviction or any other felony offense and any reference to the specific nature of his parole violations.

The case proceeded to a jury trial. During the State's direct examination, Officer Gibson testified about Vaughn's repeated failure to comply with commands to remove his hands from his pockets and explained why that conduct caused Officer Gibson concern. When asked to elaborate, Officer Gibson testified, "I didn't know what was in [Vaughn's] pockets. He was noncompliant at this point. He already had a list of other violations, so this was just one thing added to the whole puzzle of everything that I found to be extremely concerning to me." Vaughn objected to Officer Gibson's testimony. The district court overruled the objection. The jury found Vaughn guilty of both charges. Vaughn appeals.

## II.

## STANDARD OF REVIEW

A trial court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

## III.

## ANALYSIS

Vaughn argues that the district court abused its discretion by overruling his objection to Officer Gibson's testimony referencing Vaughn's "list of other violations." Vaughn contends that the testimony was minimally probative and unfairly prejudicial because it suggested prior parole misconduct unrelated to the charged offenses. The State responds that the testimony was relevant and its probative value was not substantially outweighed by the danger of unfair prejudice.

2

**A.      Admission of the Challenged Testimony**

Vaughn does not dispute that Officer Gibson's testimony was relevant but, instead, contends that its probative value was minimal and substantially outweighed by the danger of unfair prejudice under I.R.E. 403.    The State responds that the testimony, which explained the circumstances of the encounter and Officer Gibson's assessment of risk, was properly admitted and that the district court carefully limited the testimony to avoid unfair prejudice.

**1.      Probative value**

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible.  *State v. Garcia*, 166 Idaho 661, 670-71, 462 P.3d 1125, 1134-35 (2020). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.    I.R.E. 401; *Garcia*, 166 Idaho at 670, 462 P.3d at 1134.    Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties.  *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).

Here, although Vaughn does not contest relevance, the degree of probative value remains relevant to the I.R.E. 403 balancing analysis.  The State's theory of the case depended, in part, on explaining why Officer Gibson perceived that there was an escalating risk and continued issuing commands as the encounter unfolded, including during her attempt to disengage.  Vaughn's theory, in contrast, was that Officer Gibson's fear was not based on the charged conduct itself but, instead, based on prior misconduct or parole-related violations.  Within this framework, the challenged testimony had probative value because it helped the jury understand the context in which Officer Gibson evaluated Vaughn's conduct and the assessed risk during the encounter.

Specifically, the testimony explained why Officer Gibson went to Vaughn's residence, why Officer Gibson confronted Vaughn regarding parole compliance, and why Officer Gibson perceived the situation escalating as Vaughn repeatedly refused commands and placed his hands in his pockets.  Although the testimony did not independently establish the fear element of assault, it was not required to do so in isolation to still possess probative value.  Rather, the testimony provided context for Officer Gibson's contemporaneous decision-making and perception of risk as the encounter unfolded.

3

## 2.     Unfair prejudice

Vaughn argues that the testimony was unfairly prejudicial because it invited the jury to speculate about unspecified misconduct, suggesting that he was dangerous and deserving of incarceration. Vaughn relies on *State v. Alsanea*, 138 Idaho 733, 69 P.3d 153 (Ct. App. 2003), arguing that prior misconduct cannot be used to establish an assault victim's fear. The State responds that *Alsanea* is distinguishable because Officer Gibson did not testify about prior violent conduct and her testimony was not used to establish fear independent of Vaughn's conduct during the charged incident.

Idaho Rule of Evidence 403 permits the exclusion of relevant evidence only where its probative value is substantially outweighed by the danger of unfair prejudice. Evidence is not unfairly prejudicial merely because it is detrimental to a party's case; rather, unfair prejudice refers to an undue tendency to suggest a decision on an improper basis. *See State v. Floyd*, 125 Idaho 651, 654, 873 P.2d 905, 908 (Ct. App. 1994).

The core concern Vaughn raises is that the jury would infer from the phrase, "list of other violations," that he had engaged in prior serious or violent misconduct and the jury would then use that inference to justify Officer Gibson's fear or Vaughn's guilt. However, the district court took meaningful steps to limit this risk. The jury was not informed of the nature of the violations, whether they were criminal or technical, or whether they involved violence. Nor was the jury informed of Vaughn's underlying offense or the specific parole conditions he allegedly violated. Without this information, the jury lacked a factual basis from which to infer that the violations were violent or predictive of assaultive behavior. This significantly constrained the improper inference Vaughn identifies and limited the risk that the jury would rely on improper reasoning rather than evidence of Vaughn's conduct during the encounter.

Vaughn's reliance on *Alsanea* is misplaced. In *Alsanea*, the district court admitted evidence of specific prior violent acts known to the officers, and the State relied on that evidence to establish the officers' fear independent of the defendant's conduct during the charged incident. *See Alsanea*, 138 Idaho at 739-40, 69 P.3d at 159-60. This Court held that such evidence was improperly admitted because the assault statute requires fear to arise from the defendant's conduct during the encounter, not from prior acts. *See id.*

4

Here, unlike *Alsanea*, Officer Gibson did not testify about Vaughn's prior violent conduct or describe the nature of Vaughn's violations. More importantly, Officer Gibson's testimony did not suggest that her fear arose from knowledge of prior misconduct. Instead, the record reflects that her fear was grounded in Vaughn's contemporaneous conduct, including his refusal to comply with demands, his repeated movements toward his pockets, and his pursuit of Officer Gibson when she attempted to disengage. The reference to other violations served to explain why the encounter occurred and why Officer Gibson perceived the situation as escalating, not as an independent basis for fear.

### 3.     Idaho Rule of Evidence 403

Vaughn argues that any probative value of Officer Gibson's testimony was substantially outweighed by the danger of unfair prejudice because the jury could speculate about the nature and severity of the violations and conclude that he was dangerous. The State responds that the district court reasonably balanced the probative value against the danger of unfair prejudice by allowing only nonspecific testimony and excluding more prejudicial details.

Even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *State v. McCabe*, 174 Idaho 653, 655, 559 P.3d 331, 333 (Ct. App. 2024); *see* I.R.E. 403. The focus of I.R.E. 403 is on unfair prejudice, meaning an undue tendency to suggest the jury's decision on an improper basis, such as emotion or illegitimate reasoning. *See State v. Rhoades*, 119 Idaho 594, 604, 809 P.2d 455, 465 (1991). Evidence is not unfairly prejudicial merely because it is damaging to the defendant's case. *State v. Fordyce*, 151 Idaho 868, 870, 264 P.3d 975, 977 (Ct. App. 2011).

Here, the district court permitted only a brief, nonspecific reference to a "list of other violations" and excluded any evidence describing the nature or severity of those violations. This limitation preserved the testimony's probative value in explaining the circumstances of the encounter and Officer Gibson's assessment of risk, while significantly reducing the likelihood that the jury would engage in speculation or improper propensity reasoning. By drawing this line, the district court reasonably balanced the probative value against the danger of unfair prejudice. Accordingly, the district court did not abuse its discretion in admitting the challenged testimony.

**IV.**

**CONCLUSION**

The district court did not abuse its discretion by admitting Officer Gibson's testimony referencing Vaughn's parole noncompliance and unspecified violations. Accordingly, Vaughn's judgment of conviction for assault on a law enforcement officer and resisting and obstructing an officer is affirmed.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.